409 A.2d 94

**COMMONWEALTH of Pennsylvania**

v.

**William R. JOHNSON, Appellant.**

Superior Court of Pennsylvania.

Submitted March 12, 1979.

Filed Aug. 30, 1979.

E. Franklin Martin, Assistant Public Defender, Chambersburg, for appellant.

John F. Nelson, III, Assistant District Attorney, Chambersburg, for Commonwealth, appellee.

Before VAN der VOORT, WATKINS and LIPEZ, JJ.

VAN der VOORT, Judge:

Appeal is taken from judgment of sentence imposed following revocation of probation. Pertinent facts are that appellant was found guilty in a non-jury trial of aggravated assault.[1] No post-trial motions were filed. Appellant was sentenced to a term of imprisonment of two to four years, the imposition of which was suspended and appellant placed on four years' probation, with conditions stated to be the payment of fine, supervision by the probation department, and ten months' imprisonment in the county prison. Some 14 months later appellant was again before the court, for a probation revocation hearing, at which findings were made establishing a violation of probation. The lower court reimposed the 2 to 4 year sentence.

Appellant now argues that the reimposition of the 2 to 4 year sentence, the imposition of which had been suspended, is double jeopardy in light of the lesser sentence of the 10 months imprisonment which had been imposed upon him and which he served. We agree. It is law of ancient derivation and constitutional dimensions that once the sentence has been imposed upon a criminal, he cannot again be

---

1. To a separate charge of false reports to law enforcement authorities appellant pled guilty and sentence was suspended.

sentenced to another and different punishment for the same offense. *Ex parte Lange,* 85 U.S. 163 (18 Wall.), 21 L.Ed. 872 (1874). To modify a sentence and thereby increase punishment is double jeopardy and is Constitutionally impermissible. *Commonwealth v. Silverman,* 442 Pa. 211, 275 A.2d 308 (1971). In the instant case, a sentence of 2 to 4 years' imprisonment was imposed. This was then suspended and replaced by a lesser sentence of 10 months' imprisonment, together with certain other conditions of probation.[2] The reimposition of the 2 to 4 year sentence is a second punishment for the same offense and constitutes double jeopardy.

Our disposition herein obviates the necessity to consider appellant's other arguments. Our disposition also does not affect the validity of the other conditions of appellant's probation.

Judgment of sentence of imprisonment of not less than two nor more than four years' imposed at number 196 of 1976 is vacated.

LIPEZ, J., concurs in this opinion.

---

**2.** Neither the "Sentencing Code", 18 Pa.C.S. § 1301 et seq., generally, nor the specific section (§ 1354) thereof which states the content and conditions allowable for an order of probation, permits a term of incarceration to be a condition of probation.