441 A.2d 1218
**COMMONWEALTH of Pennsylvania**
v.
**Raymond PIERCE a/k/a Raymond Price, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 22, 1982.
Decided March 10, 1982.

438

John W. Packel, Chief, Appeals Div., Asst. Public Defender, for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Maxine Stotland, Asst. Dist. Atty., for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION

LARSEN, Justice.

On July 18, 1975, appellant, Raymond Pierce, was arrested in connection with the robbery of Dr. Jeffrey Myers. On

January 2, 1976, appellant entered a guilty plea to the robbery charge before the Honorable Berel Caesar, who deferred sentencing pending a pre-sentence evaluation. On February 20, 1976, Judge Caesar sentenced appellant to eleven and one-half to twenty-three months imprisonment to be followed by eight years probation.[1] Appellant was paroled after he served the minimum prison term, and successfully completed parole on November 7, 1977. On June 7, 1978, while serving his eight year probationary term, appellant was convicted of another crime. On June 29, 1978, a probation revocation hearing was held before Judge Caesar, and as a result of his conviction of a crime committed while on probation, appellant's probation was revoked and a sentence of four to eight years imprisonment was imposed. The Superior Court affirmed the lower court's judgment of sentence, *Commonwealth v. Pierce*, 273 Pa.Super. 626, 422 A.2d 1164 (1979)[2], and this Court granted allocatur.

Appellant contends that the revocation of his probation and imposition of incarceration after his completion of eleven and one-half to twenty-three month term of imprisonment violates the Sentencing Code, 18 Pa.C.S.A. § 1301 *et seq.*[3] and the double jeopardy provision of the Fifth Amendment of the Constitution of the United States. Based on its prior decision in *Commonwealth v. Nickens*, 259 Pa.Super. 143, 393 A.2d 758 (1978), the Superior Court held that revocation of probation after completion of a previous term of imprisonment is authorized by the Sentencing Code and does not violate the Fifth Amendment double jeopardy clause. We agree.

18 Pa.C.S.A. § 1321(a) states:

1. Appellant did not file a direct appeal from this judgment of sentence.

2. The Superior Court filed an unpublished opinion in support of its order affirming the lower court's judgment of sentence pursuant to Pa.R.A.P. 1925(c). *Commonwealth v. Pierce*, 273 Pa.Super. 626, 422 A.2d 1164, (Super.Ct.1979).

3. Chapter 13 of Title 18 of the Pennsylvania Consolidated Statutes was transferred to Chapter 97 of Title 42 (42 Pa.C.S.A. § 9701 *et seq.*) by Act 1980, Oct. 5, P.L. 693, No. 142.

General rule.—In determining the sentence to be imposed the court shall, except where a mandatory minimum sentence is otherwise provided by law, consider and select *one or more of the following alternatives*, and may impose *them consecutively or concurrently* :

(1) An order of probation.

(2) A determination of guilt without further penalty.

(3) Partial confinement.

(4) Total confinement.

(5) A fine.

(emphasis added.)

■ The unambiguous language[4] of Section 1321(a) empowers a sentencing court to fashion a sentence which includes one or more of five alternative punishments, and permits these punishments to be imposed consecutively or concurrently. *Commonwealth v. Nickens, supra.* The original sentencing court imposed a sentence consisting of a term of total confinement and a term of probation to be served consecutively. The imposition of this sentence was clearly within the statutory power of the sentencing court.

■ Furthermore, 18 Pa.C.S.A. § 1371(b) provides that an order of probation may be revoked upon a finding that defendant has violated the terms of his probation. Section 1371(b) further states that, upon revocation of probation, the court possesses the same sentencing alternatives that it had at the time of the initial sentencing. Appellant's probation was properly revoked following his commission of a subsequent crime. *Commonwealth v. Burrell,* 497 Pa. 373, 441 A.2d 744 (1982); *Commonwealth v. Mallon,* 267 Pa.Super. 163, 406 A.2d 569 (1979). At the time he was originally sentenced, the court could have sentenced appellant to a term of ten to twenty years of total confinement.[5] Conse-

---

**4.** 1 Pa.C.S.A. § 1921(b) (Purdon Supp.1981) states: "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit".

**5.** Appellant was convicted of robbery which is a felony of the first degree. 18 Pa.C.S.A. § 3701. A felony of the first degree is punisha-

quently, the sentencing court was within its statutory power to sentence appellant to a term of total confinement of four to eight years upon revocation of his probation.

■ Appellant's claim that his sentence is violative of the Fifth Amendment double jeopardy clause is based upon the Superior Court's decision in *Commonwealth v. Johnson*, 269 Pa.Super. 122, 409 A.2d 94 (1979). We disagree and reject the Superior Court's ruling in *Commonwealth v. Johnson, supra.*

At the time of the within appellant's original conviction the sentencing court could have imposed a term of total confinement of up to ten to twenty years. However, the sentencing court imposed upon appellant a conditional sentence consisting of a term of total confinement and a term of probation. In effect, the sentencing court limited the term of appellant's total confinement to a term of eleven and one-half to twenty three months on the condition that he successfully complete an eight year probationary term. Appellant, having violated the conditions of his probation, was placed in the same position that he was in at the time of his original conviction, and the sentencing court had the statutory authority to sentence appellant to a term of total confinement up to ten to twenty years. The imposition of total confinement upon revocation of appellant's probation was not a second punishment for his robbery conviction, but was an integral element of the original conditional sentence.[6] Consequently, the sentencing court's judgment of sentence does not violate the double jeopardy clause.

The judgment of sentence is affirmed.

ble by a maximum term of imprisonment of twenty years, and a minimum term of ten years. 18 Pa.C.S.A. § 1103, 1356.

6. In the similar situation where a defendant's original sentence consists solely of a term of probation, this Court has held in *Commonwealth v. Colding*, 482 Pa. 112, 393 A.2d 404 (1978), that revocation of probation and imposition of a term of total confinement is not violative of the double jeopardy clause, since the defendant was given one conditional sentence which merely deferred sentencing defendant to a fixed term of total confinement until such time appellant violated the conditions of his probation.