453 A.2d 1001

**COMMONWEALTH of Pennsylvania**

v.

**Roy Robert ROACH, Appellant.**

Superior Court of Pennsylvania.

Submitted March 24, 1981.

Filed Dec. 10, 1982.

Timothy W. Misner, Waynesboro, for appellant.

John F. Nelson, Assistant District Attorney, Chambersburg, for Commonwealth, appellee.

Before CERCONE, P.J., and WIEAND and LIPEZ, JJ.

CERCONE, President Judge:

This is an appeal from an order of the Court of Common Pleas of Franklin County denying appellant's Post Conviction Hearing Act (hereinafter PCHA) petition.

On December 8, 1978 appellant entered a plea of guilty to the felony charge of escape. On December 20, 1978 the court sentenced appellant to the payment of costs, a fine and imprisonment in a state correctional institution for one and a half to three and a half years. The court then suspended the sentence and placed appellant on "probation" for three and a half years. The terms of his probation included participation in an alcohol abuse program, the non-consumption of alcoholic beverages, and imprisonment in the Franklin County Prison for twenty-three months and twenty days.[1] Following imposition of sentence appellant was advised that he had ten days within which to request a modification of sentence and thirty days within which to file a direct appeal. Neither a motion to modify sentence nor a direct appeal was ever filed. On May 4, 1978 appellant filed a PCHA petition which was amended May 17, 1978. The petition, as amended, alleged the unlawful inducement of his

1. The judgment of sentence of December 20, 1978 reads:
    December 20, 1978, the Court sentences the defendant to pay the costs of prosecution, pay a fine of $750.00 and undergo imprisonment in a STATE CORRECTIONAL INSTITUTION for a period of not less than 1½ years nor more than 3½ years to be computed from this date and stand committed to the appropriate STATE CORRECTIONAL DIAGNOSTIC AND CLASSIFICATION CENTER for compliance with the within sentence.
    December 20, 1978, the imposition of sentence of imprisonment is SUSPENDED and the defendant is placed on Probation for a period of 3½ years, upon the conditions that the defendant shall pay the costs of prosecution, pay the sum of $750.00 to the use of Franklin County Law Library. *As a condition of probation defendant shall serve 23 months 20 days in Franklin County Prison.*
    (X) The defendant is placed under the supervision of State Board of Probation and Parold and subject to the Conditions Governing Special Probation established by the Board of Probation and Parole.
    (X) The Court recommends intense supervision.
    (X) The defendant shall participate in Alcohol Programs directed by the probation authority.
    (X) The defendant shall not consume alcoholic beverages.

December 8 guilty plea, the violation of double jeopardy principles by the sentence of probation, and the ineffectiveness of counsel for failure to file the required Pa.R.Crim.P. 1410 motion for modification of sentence and to take a direct appeal. On July 2, 1979 the court set August 20, 1979 as the date for the hearing on this PCHA petition. Also on July 2, 1979 the court, after a full hearing on a petition to revoke probation, found that appellant had violated the conditions of his probation and entered the following order:

NOW, July 2, 1979, a hearing having been held this date and the Court being of the opinion that Robert Roy Roach violated the terms of his agreement for participation in the work/education program of the Franklin County Prison in that he (1) cashed his paycheck of May 18, 1979 and diverted $83.00 to Wendy Carnes (2) he had incurred indebtedness to Miss Carnes without the consent of the Work Release Director, (3) he received and possessed a quantity of vodka at his place of employment, and (4) he consumed a sufficient quantity of alcohol while on work release so that he tested .10 on the Sober Meter test administered at the Franklin County Prison at 5:24 P.M. on May 18, 1979; all of which led to his removal from the Work Release Program.

In addition the defendant violated condition No. 6 of his special probation by reason of his voluntary conduct leading to his failure to maintain employment and the special court imposed condition against the consumption of alcohol.

IT IS ORDERED THAT that *suspended sentence imposed December 20, 1978 be vacated.* The Defendant shall be given credit for all time served in the Franklin County Prison against the 1 year to 3½ year sentence imposed December 20, 1978.

(Emphasis added.)

On August 6, 1979 an order was entered specifically giving appellant six months and sixteen days credit to be applied to the one and a half to three and a half year prison term the court imposed on December 20 and then immediately sus-

pended. The PCHA petition hearing was held as scheduled. On October 25, 1979 the court entered findings of fact, and based thereupon, denied appellant the relief sought. This timely appeal followed.

Two issues are raised on appeal. First, he alleges that the sentence imposed against him following his plea of guilty to a felony charge of escape is illegal. Secondly, he contends that counsel was ineffective for failing to inform him of the illegality of the sentence, and in failing to petition for modification of sentence and take a direct appeal to this court.

We consider the ineffectiveness claim first. Following the PCHA hearing the court found as facts that: counsel informed appellant that, to his mind, the sentence imposed was of doubtful legality; that if appellant wanted him to counsel he would file a petition for modification and a direct appeal; and that appellant never requested counsel to pursue the case. We are, of course bound to accept a PCHA court's findings of fact where supported by the record. As the Supreme Court has stated:

> The findings of the PCHA court, which hears the evidence and passes on the credibility of the witnesses, should be given great deference. [Citations omitted.] Consequently, this court will not disturb its findings if they are supported in the PCHA record. [Citations omitted.] This is true even where the record could support a contrary holding. [Citations omitted.]

*Commonwealth v. Sullivan,* 472 Pa. 129, 145, 371 A.2d 468, 476 (1977). Counsel fully performed all that was required of him. He was under no obligation to file a Rule 1410 motion or a direct appeal where he was not asked to do so. No claim having been foregone, or duly neglected, it follows *a fortiori* that counsel was not ineffective. *Cf. Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967); *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977).

We next consider appellant's contention that the sentence imposed on December 20, 1978 violates the principle

of double jeopardy. The Commonwealth argues to the contrary that the sentence is a permissible one, and in any event, that appellant has waived the issue by his failure to pursue it on direct appeal. Although we cannot agree with the Commonwealth that the question of the sentence's legality has been waived,[2] we are constrained to rule that this sentence was not illegal. This is so despite this Court's ruling in *Commonwealth v. Johnson,* 269 Pa.Superior Ct. 122, 409 A.2d 94 (1979) holding that such a sentence does violate the constitutional protection against double jeopardy. (Opinion by Van der Voort, J.; with Watkins, J. joining and Lipez, J. concurring.) (Allocatur denied December 19, 1979).

In the case of *Commonwealth v. Pierce,* 497 Pa. 437, 441 A.2d 1218 (1982) the Supreme Court considered this Court's ruling in *Johnson* and rejected it. In an opinion by Justice Larsen the Supreme Court stated:

> Appellant's claim that his sentence is violative of the Fifth Amendment double jeopardy clause is based upon the Superior Court's decision in *Commonwealth v. Johnson,* 269 Pa.Super. 122, 409 A.2d 94 (1979). We disagree and reject the Superior Court's ruling in *Commonwealth v. Johnson, supra.*

Id. 497 Pa. at 441, 441 A.2d at 1220. Thus, we are forced to conclude that the sentence given appellant, which was structurally identical to the one imposed in *Johnson,* is not illegal, and further, that the court below did not err in denying appellant's PCHA petition.[3]

**2.** Illegality of sentence is *not* waivable and may even be raised *sua sponte* by the reviewing court. *See Commonwealth v. Walker,* 468 Pa. 323, 362 A.2d 227 (1976); *Commonwealth v. Miranda,* 296 Pa.Superior Ct. 441, 459 n. 17, 442 A.2d 1133, 1142 n. 17 (1982); *Commonwealth v. Schilling,* 288 Pa.Superior Ct. 359, 431 A.2d 1088 (1981); *Commonwealth v. Jellots,* 262 Pa.Superior Ct. 17, 396 A.2d 461 (1978).

**3.** In *Commonwealth v. Pierce,* 497 Pa. 437, 441 A.2d 1218 (1982) the Pennsylvania Supreme Court considered and rejected this Court's ruling in *Commonwealth v. Johnson,* 269 Pa.Superior Ct. 122, 409 A.2d 94 (1979).

The defendant in *Pierce* pleaded guilty to a charge of robbery. After a pre-sentence report, the common pleas judge imposed a

■ There is one final matter which we believe deserves comment. The court below had the benefit of our decision in *Johnson* at the time it was considering the instant PCHA petition. In fact, it is clear that the PCHA court had read and considered the *Johnson* case, which was directly on point with the sentence attacked here, but refused to follow its clear mandate. The pertinent portion of the PCHA court's opinion reads:

This Court recognizes and readily acknowledges its responsibility and duty to accept and be bound by the precedential decisions of the appellate courts of the Commonwealth. This Court is well acquainted with and ac-

---

sentence of eleven and one-half to twenty three months imprisonment to be followed by eight years probation. The defendant was subsequently paroled, and completed the term of his parole without incident. However, during the subsequent probationary period the defendant was convicted of another crime, and his probation revoked. The probation revocation court imposed a sentence of four to eight years imprisonment. We affirmed the judgment of sentence at 273 Pa.Superior Ct. 626, 422 A.2d 1164 (1979). The Supreme Court likewise affirmed the judgment of sentence citing as authority the Pennsylvania Sentencing Code, 18 Pa.C.S. § 1321(a), and this Court's decision in *Commonwealth v. Nickens*, 259 Pa.Superior Ct. 143, 393 A.2d 758 (1978) (Opinion by Van der Voort, J.) (Judgment of sentence of six months to twenty-three and one-half months imprisonment followed by three year term of probation affirmed.)

The facts of the *Johnson* case are these. The defendant was found guilty in a non-jury trial of aggravated assault and sentenced to a term of imprisonment of two to four years. The imposition of this sentence was suspended and the defendant placed on "probation" which was to consist of a ten month term of incarceration in a county jail followed by probation of three years and two months. Following the defendant's release from the county jail his probation was revoked and the suspended sentence reimposed. On appeal this Court vacated the sentence imposed at the probation revocation hearing as violative of the proscription against double jeopardy. See *Commonwealth v. Johnson*, supra.

Despite the fact that the sentences imposed in *Nickens* and *Pierce*, on the one hand, and *Johnson* on the other are factually clearly distinguishable (the former two involve a prison term followed by probation while the latter one involves a prison term which is then suspended followed by "probation" consisting of yet another prison term followed by probation) and without so much as a word of explanation as to why *Johnson* was incorrect, or as to how it applied to the factually distinct *Pierce* case, the Supreme Court "rejected" the *Johnson* ruling. See *Commonwealth v. Pierce*, supra. We are constrained to follow.

knowledges its complete respect for the legal expertise and scholarship of Judges Van Der Voort, Watkins and Lipez. However, this Court is totally at loss as to the precedential weight to be given the Johnson panel decision, for only Judge Van Der Voort was an active member of the Superior Court of Pennsylvania on the date of presentation of briefs in the case. Judge Watkins was retired from the bench of the Superior Court and assigned as a senior judge by Order of the Supreme Court of Pennsylvania to the Superior Court. Judge Lipez was retired from the bench of the Court of Common Pleas of the 25th Judicial District (Clinton County), and assigned as a senior judge by Order of the Supreme Court of Pennsylvania to the Superior Court. Presumably Judge Watkins concurred without comment. Thus, it would appear that the decision of the Superior Court in Johnson was reached by three judges for an Appellate Court constitutionally mandated to consist of seven judges. (Art. V, Section 3 Constitution of Pennsylvania); and two of the panel were not active sitting judges of that Court.

We feel that we are obligated to comment on this questioning of the precedential value of our cases lest this type of error perpetuate itself throughout the Commonwealth. At the time the decision in *Johnson* was rendered Article V, Section 3 of the Pennsylvania Constitution provided that this Court consist of seven judges.[4] Article V, Section 10 of the Constitution of this Commonwealth further provided that:

(a) The Supreme Court shall exercise general supervisory and administrative authority over all the courts and justices of the peace, including authority to temporarily assign judges and justices of the peace from one court or district to another as it deems appropriate.

. . . . .

(c) The Supreme Court shall have the power to prescribe general rules governing practice, procedure and the

4. Pa. Const. of 1874, art. V, § 3, as adopted April 23, 1968, P.L.App. 16, Prop. No. 7; amended November 6, 1979, J.R.1.

conduct of all courts ... if such rules are consistent with this Constitution and neither abridge, enlarge nor modify the substantive rights of any litigant, nor affect the right of the General Assembly to determine the jurisdiction of any court or justice of the peace, nor suspend nor alter any statute of limitation or repose.... [5]

Pursuant to the authority granted in by Article V, Section 10, the Pennsylvania Supreme Court promulgated the Pennsylvania Rules of Appellate Procedure on November 5, 1975. Of course, among the rules thus promulgated was Rule 3102, which provides in pertinent part:

(a) *Quorum.* A majority of the Supreme Court and, except as otherwise prescribed ... a panel of three judges of any other appellate court shall be a quorum of the court.

.    .    .    .    .

(d) *Action.* Except as otherwise prescribed by general rules, ...:

(1) Any judicial matter heard or considered by a quorum of an appellate court may be determined by action of a majority of the judges who participated in the hearing or consideration of the matter.

Pa.R.A.P. 3102(a), (d)(1). Moreover, on May 9, 1978 Chief Justice Eagen entered the following order:

AND NOW, this 9th day of May, 1978, in view of the exceedingly heavy volume of appeals coming to the Superior Court, presently at the rate exceeding 3,000 per year, and the emergency created thereby, it is

ORDERED and DIRECTED that on or before September 1, 1978, and consistently with Rule 3102 of the Pennsylvania Rules of Appellate Procedure, all appeals in the Superior Court be heard by a three-judge panel, unless in a given case the Superior Court, by special order, directs otherwise; this order to remain in effect until further order of this Court.

5. Pa. Const. of 1874, Art. v, § 10(a), (c), as adopted April 23, 1968, P.L.App. 16, Prop. No. 7.

Furthermore, Article V, Section 16(c) of the Constitution reads:

A former or retired justice or judge may, with his consent, be assigned by the Supreme Court on temporary judicial service as may be prescribed by rule of the Supreme Court.[6]

Finally, both Judge Watkins and Judge Lipez had been assigned to sit as senior judges of this Court, by the Supreme Court, at the time the *Johnson* case was heard and decided.

Therefore, *Johnson* carried the full weight and the same authority as any opinion of this Court and it was error on the lower court's part to conclude otherwise. Nevertheless, in light of the Supreme Court's opinion in *Commonwealth v. Pierce,* supra, we may not now reverse the order of the PCHA court.

Finding no reversible error we are constrained to affirm.

Affirmed.

<hr>

---

**6.** Pa. Const. of 1874, Art. V, § 16(c), as adopted April 23, 1968, P.L.App. 16, Prop. No. 7. And see, Pa.R.J.A. 701.