468 A.2d 505

COMMONWEALTH of Pennsylvania

v.

Howard N. HUNTER, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 21, 1983.

Filed Nov. 25, 1983.

334

Bruce Alan Herald, West Chester, for appellant.

James R. Freeman, District Attorney and F. Ned Hand, Assistant District Attorney, West Chester, for Commonwealth, appellee.

Before CIRILLO, JOHNSON and CERCONE, JJ.

JOHNSON, Judge:

This is a consolidated appeal from judgment of sentence imposed following the revocation of a term of probation being served by appellant, Howard Hunter. We now affirm

the appeal taken at 340 Philadelphia 1982, and dismiss the appeal taken at 1710 Philadelphia, 1982.[1]

On September 29, 1976, appellant received a ten (10) year term of probation. Following the imposition of this probation, appellant was subsequently convicted of a second unrelated offense. On May 15, 1978, his probation was revoked and he was resentenced to serve a term of five (5) to ten (10) years imprisonment. However, on June 13, 1978, the court *vacated* judgment of sentence imposed on May 15th. On November 20, 1978, appellant's original probation was reinstated by the sentencing court. In October of 1981 appellant was convicted of a third unrelated offense. On the 9th of October, appellant's probation was revoked a second time and a sentence of five (5) to ten (10) years imprisonment was imposed. This appeal followed.

 The sole issue presented on appeal is whether the imposition of the five (5) to ten (10) year sentence of confinement on October 9th, following the revocation of appellant's probation, violated the Double Jeopardy Clause. Citing *Commonwealth v. Johnson*, 269 Pa.Super. 122, 409 A.2d 94 (1979), appellant argues that the "[r]eimposition of five (5) to ten (10) year sentence after suspending that sentence [2] and imposing the lesser sentence of probation

1. The foregoing appeals were consolidated by stipulation of the parties filed on February 23, 1983. The timely appeal filed at 340 Philadelphia 1982 was taken from judgment of sentence dated October 9, 1981, which revoked appellant's probation and imposed a sentence of imprisonment. The appeal taken at 1710 Philadelphia, 1982 was filed following the sentencing court's denial of appellant's petition for a writ of habeas corpus or, in the alternative, to modify and vacate judgment of sentence imposed on October 9, 1981. Because this latter appeal relates to the October 9th judgment of sentence, raises no separate issues as to the denial of reconsideration, and is ostensibly untimely filed, we dismiss it.

2. Appellant's assertion that the prior sentence was suspended is incorrect. It is clear from the record that the sentencing court vacated that sentence by its order of June 13, 1978. It is also clear from our case law that a vacated sentence is a nullity and the defendant is restored to the status of unsentenced; thus for purposes of double jeopardy analysis the vacated sentence does not limit the sentencing court. *Commonwealth v. Colding*, 482 Pa. 112, 393 A.2d 404 (1978).

constituted double jeopardy." [3] It is apparently appellant's position that the imposition of probation prevents the sentencing court from reimposing a sentence of confinement upon revocation of the probation.

It is axiomatic that the Double Jeopardy Clause of the Fifth Amendment of the Constitution [4] protects against the imposition of multiple punishments for the same offense in the form of an increase in the sentence. *See Commonwealth v. Silverman*, 422 Pa. 211, 275 A.2d 308 (1971). For purposes of double jeopardy analysis, probation is a punishment, *Commonwealth v. Vivian*, 426 Pa. 192, 231 A.2d 301 (1967), and a judgment of sentence, *Commonwealth v. Nance*, 290 Pa.Super. 312, 320 n. 7, 434 A.2d 769, 773 n. 7 (1981). While probation is a final sentence that will provoke double jeopardy consequences, the very nature of probation is that it is a conditional sentence subject to revocation and the imposition of a further sentence upon breach of any of the conditions placed upon the grant or maintenance of probation. *Commonwealth v. Colding*, 482 Pa. 112, 393 A.2d 404 (1978). The resentencing of an offender upon revocation of probation does not constitute a second punishment for the offense giving rise to the probation, but is an integral element of the original conditional sentence of probation. *See Commonwealth v. Pierce*, 497 Pa. 437, 441 A.2d 1218 (1982); *Commonwealth v. Colding, supra; Commonwealth v. Vivian, supra.* Our Supreme Court described the effect of probation for double jeopardy purposes as follows:

> [w]here a defendant's original sentence consists solely of a term of probation, this court has held in *Commonwealth v. Colding*, 482 Pa. 112, 393 A.2d 404 (1978), that revocation of probation and imposition of a term of total confinement is not violative of the double jeopardy clause, since the defendant was given one conditional sentence

---

3. Brief of Appellant at 9.

4. The Double Jeopardy Clause of the Fifth Amendment was applied to the States through the Fourteenth Amendment in *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

*which merely deferred sentencing defendant to a fixed
term of confinement until such time appellant violated
the conditions of his probation.*

*Commonwealth v. Pierce, supra,* 497 Pa. at 441 n. 6, 441
A.2d at 1220 n. 6 (emphasis added). Thus, the imposition of
probation defers further sentencing of a defendant until
such time as he violates the conditions placed on the proba-
tion, and when the violation of those conditions occurs, the
resentence of the defendant is an integral element of the
original conditional sentence of probation, not a second
punishment for the same offense.

Consistent with the understanding that probation is by
nature a conditional sentence, our Sentencing Code [5] pro-
vides that "[u]pon revocation [of probation] the sentencing
alternatives available to the court shall be the same as were
available at the time of [the] sentencing ...." 42 Pa.C.S.A.
§ 9771(b). The sentencing alternatives referred to in Sec-
tion 9771(b) are listed in 42 Pa.C.S.A. § 9721(a) and include
the following:

(1) An order of probation.

(2) A determination of guilt without further penalty.

(3) Partial confinement.

(4) Total confinement.

(5) A fine.

In accordance with Sections 9771(b) and 9721(a) of
the Sentencing Code, the sentencing court was empowered
to resentence appellant to the original sentence of five (5) to
ten (10) years imprisonment following the revocation of
appellant's probation. The reimposition of the original sen-
tence did not violate the Double Jeopardy Clause. Appel-
lant's argument to the contrary must be rejected. Al-
though *Commonwealth v. Johnson, supra,*[6] tends to sup-

---

5. Act of December 30, 1974, P.L. 1052, No. 345, § 1 *et seq.,* 42
 Pa.C.S.A. § 9701 *et seq.* (formerly 18 Pa.C.S.A. § 1301 *et seq.* ).

6. In *Johnson,* the defendant was sentenced to two (2) to four (4) years
 imprisonment. The court suspended the sentence and imposed a
 term of probation of four (4) years conditioned upon *inter alia* the

port appellant's position, its holding was rejected by our Supreme Court in *Commonwealth v. Pierce, supra,* and we have ceased to follow *Johnson. See also Commonwealth v. Roach,* 307 Pa.Super. 506, 453 A.2d 1001 (1982).

Accordingly, we affirm judgment of sentence dated October 9, 1981, from which appeal was taken at 340 Philadelphia, 1982. The appeal at 1710 Philadelphia, 1982 is dismissed.[7]

service of *ten* (10) months imprisonment in the county prison. A year and two months later, the defendant's probation was revoked and the original sentence of two (2) to four (4) years imprisonment was reimposed. Our court held that the reimposition of the two (2) to four (4) year term of imprisonment following revocation of the defendant's probation constituted a second punishment in violation of the double jeopardy clause. The rationale of this holding was that in suspending the original term of imprisonment and imposing a ten (10) month jail term and probation, the sentencing court imposed a lesser sentence. When the sentencing court reimposed the original sentence after revocation of probation, in that court's view, the sentencing court imposed a second punishment for the same offense.

7. See note 1 *supra.*