471 A.2d 93

**COMMONWEALTH of Pennsylvania**

v.

**Tony BOSSCHE, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 27, 1983.

Filed Jan. 20, 1984.

Carmela R.M. Presogna, Assistant Public Defender, Erie, for appellant.

Michael R. Cauley, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before BROSKY, McEWEN and BECK, JJ.

McEWEN, Judge:

Appellant entered counseled pleas of guilty to the offenses of theft by deception and bad checks. In this direct appeal, appellant argues that the sentence imposed by the sentencing court in response to a petition for modification of sentence filed by the Commonwealth violated principles of double jeopardy. We do not agree and, accordingly, affirm.

Appellant entered pleas of guilty to the third degree felony of theft by deception,[1] the second degree misdemeanor of bad checks and the summary offense of bad checks.[2] After appellant waived a pre-sentence investigation, the distinguished Judge Richard L. Nygaard imposed a sentence of seven years probation upon the conviction for theft by deception, while concurrent terms of two years probation and ninety days probation were imposed on the convictions for bad checks. Appellant was also sentenced to pay restitution to the victims of his crimes.

During the sentencing hearing, the assistant district attorney, defense counsel and appellant all indicated to the court that this was the first criminal offense ever committed by appellant. The sentencing judge stated as he imposed sentence: "And this is your first offense as you stand before the Court. I believe that under the circumstances some leniency is in order...." [N.T. 10] A few hours after the conclusion of the sentencing proceedings, the Commonwealth filed a petition for modification of sentence pursuant to Pa.R.Crim.P. 1410 alleging that the sentence imposed upon appellant had been based upon erroneous information. The hearing on the petition for modification of sentence was held one day later and the Commonwealth introduced evidence which established that appellant had, during the few months prior to the sentencing hearing in this court: (1) entered a plea of guilty before a district justice to a charge of bad checks for which he was sen-

1. 18 Pa.C.S. § 3922; 18 Pa.C.S. § 3903(a).

2. 18 Pa.C.S. § 4105.

4

tenced to a term of imprisonment of thirty days; (2) entered pleas of guilty before a district justice to the offenses of bad checks and theft by deception for which he was sentenced to a term of imprisonment of ninety days; and (3) entered a plea of guilty before a district justice to a charge of bad checks for which he was sentenced to a term of thirty days imprisonment. The Commonwealth also introduced evidence that a detainer had been filed against appellant by the State of Ohio on a charge of possession of a controlled substance. In response to this information, the accuracy of which was conceded by appellant, the sentencing judge granted the petition for modification by the Commonwealth as follows:

> Accordingly, I am granting the Commonwealth's motion, petition to modify the sentence, and I am now modifying it .... With respect to count two, which is a felony of the third degree, one to two years at Mercer Correctional. With respect to count five, I believe the sentence remains the same, five years probation.[3] With respect to count seven, I believe the sentence remains the same, ninety days, all to be served concurrently. Thus, I believe the only modification is as to count two, and it's changed from seven years total probation and reduced from [sic] one to two and to be served as time.... The only thing modified is count two. [N.T. 13–14] (footnote supplied).

Appellant did not file a petition for modification of this sentence but, rather, filed a notice of appeal to this court. Rule 1410 of the Rules of Criminal Procedure requires that the aggrieved party "file a motion to modify sentence with the sentencing court before obtaining appellate review of a sentence." *Commonwealth v. Anderson*, 304 Pa.Super. 476, 478, 450 A.2d 1011, 1012 (1982). The

---

3. The sentencing judge repeatedly noted that he intended to modify only the sentence imposed on count two. The original recorded judgment of sentence as well as the recorded modified judgment of sentence indicate that the sentence imposed on count five was a term of probation of two years. It would appear the reference by the court to a five year term on this count was simply an inadvertent oversight.

failure to file a petition for modification of sentence results in a waiver on appeal of all issues regarding the propriety of the sentence imposed. *Commonwealth v. Lightly,* 307 Pa.Super. 239, 453 A.2d 14 (1982); *Commonwealth v. Anderson, supra* 304 Pa.Super. at 481, 450 A.2d at 1014. Appellant argues that his sentence, as modified, violated the principles of double jeopardy and was, therefore, illegal. *See Commonwealth v. Roach,* 307 Pa.Super. 506, 508, 453 A.2d 1001, 1003 (1982). We need not, therefore, determine whether appellant in the instant case was required to file a petition for modification of sentence in response to the modified sentence imposed upon him in order to preserve issues for appellate review, since the illegality of a sentence cannot be waived by a failure to properly raise the issue in the trial court. *Commonwealth v. Walker,* 468 Pa. 323, 362 A.2d 227 (1976); *Commonwealth v. Mitchell,* 319 Pa. Super. 170, 465 A.2d 1284 (1983); *Commonwealth v. Fortune,* 305 Pa.Super. 441, 451 A.2d 729 (1982); *Commonwealth v. Kerr,* 298 Pa.Super. 257, 258, 259, 444 A.2d 758, 759 (1982).

An en banc panel of this court in *Commonwealth v. Anderson, supra,* held that the principles of double jeopardy are not violated by the right of the Commonwealth to petition, pursuant to Pa.R.Crim.P. 1410, for an increased sentence. "The 'Double Jeopardy clause does not require that a sentence be given a degree of finality that prevents [review and] later increase.' " *Id.* 304 Pa.Super. at 481, 450 A.2d at 1014 *quoting United States v. DiFrancesco,* 449 U.S. 117, 137, 101 S.Ct. 426, 437, 66 L.Ed.2d 328 (1980). As succinctly summarized by our venerable colleague Judge J. Sydney Hoffman, the Supreme Court in *United States v. DiFrancesco, supra,* held that the double jeopardy clause did not bar a prosecutorial appeal of an allegedly lenient sentence when the right to such an appeal had been afforded by statute because:

(1) a sentence lacks "such finality ... as would prevent a legislative body from authorizing its appeal by the prose-

cution," *id.* at 135, 101 S.Ct. at 436, 66 L.Ed.2d at 345; (2) it also lacks "the qualities of constitutional finality that attend an acquittal," *id.* at 135, 101 S.Ct. at 436, 66 L.Ed.2d at 345; (3) the "double jeopardy considerations" —unwarranted exposure of the defendant to harassment, "embarrassment, expense, anxiety and insecurity," of repeated prosecutions and the threat of being "found guilty even though innocent"—"have no significant application to the prosecution's statutorily granted right to review a sentence," *id.* at 136, 101 S.Ct. at 437, 66 L.Ed.2d at 346; and (4) because the defendant has no "right to know at any specific moment in time what the exact limit of his punishment will be" his "legitimate expectations are not defeated if his sentence is increased on appeal," *id.* at 136, 101 S.Ct. at 437, 66 L.Ed.2d at 346. Moreover, the prohibition against multiple punishment, *see Ex parte Lange,* 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1874), is inapplicable when the sentencing guideline is explicit and any sentence imposed thereunder is specifically subject to prosecutorial appeal. *Id.* at 138, 101 S.Ct. at 438, 66 L.Ed.2d at 346.

*Commonwealth v. Love,* 295 Pa.Super. 276, 284–285, 441 A.2d 1230, 1234 (1982) [4] (Hoffman, J., concurring).

Appellant was sentenced pursuant to the provisions of the Sentencing Code, Act of December 30, 1974, P.L. 1052, No. 345, § 1, 42 Pa.C.S. § 9701 *et seq.* Provision is made in the Sentencing Code for a prosecutorial appeal of an illegal or inappropriate sentence. 42 Pa.C.S. § 9781(a), (b). Therefore, the rationale of *Commonwealth v. Anderson, supra* is applicable to the sentence here reviewed. *See also Commonwealth v. Hunter,* 321 Pa.Super. 333, 468 A.2d 505 (1983).

■ Moreover, by affirmatively misrepresenting to the sentencing court that he had never previously committed a criminal offense, appellant caused the sentencing court to

**4.** Overruled on other grounds by *Commonwealth v. Anderson, supra.*

rely upon' erroneous information in determining the appropriate sentence under the Sentencing Code. *See* 42 Pa.C.S. § 9721. This erroneous information prompted the sentencing court to waive a pre-sentence investigation report and to impose a sentence of probation rather than a sentence of confinement upon appellant. However, this sentence was procured by appellant by such fraud as would make a complete nullity of the sentencing proceedings. Appellant did not merely fail to correct an erroneous assumption on the part of the sentencing court regarding his prior conduct but, rather, appellant argued that a sentence of probation was appropriate *based upon* his lack of prior criminal conduct. *See and compare Commonwealth v. Coleman,* 271 Pa.Super. 581, 584–586, 414 A.2d 635, 637–638 (1979). Appellant's initial sentence which was procured as a result of a fraud upon the court was, therefore, a nullity. The order vacating this sentence and imposing a sentence based upon accurate information regarding the prior criminal conduct on the part of appellant did not, therefore, violate principles of double jeopardy.

Since we find the modification of the sentence imposed upon appellant did not constitute a violation of the principles of double jeopardy, we hereby affirm the judgment of sentence.

BECK, J., filed a concurring statement.

BECK, Judge, concurring:

I join in the excellent opinion of the majority and write separately solely to place the majority's characterization of the conduct of appellant and his counsel as a "fraud upon the court" in its proper context. I emphasize that it is not necessary to this Court's holding that the misstatements concerning appellant's record be intentional, and the issue of whether or not they were intentional was not before us on this appeal.