669 A.2d 1008

**COMMONWEALTH of Pennsylvania**

v.

**Ronald SMITH, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 10, 1995.

Filed Jan. 10, 1996.

John W. Packel, Assistant Public Defender, Philadelphia, for appellant.

Kathy L. Echternach, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CIRILLO, POPOVICH and OLSZEWSKI, JJ.

CIRILLO, Judge:

Ronald Smith appeals from an order, entered by the Court of Common Pleas of Philadelphia County, revoking his parole and probation and imposing a term of total confinement. We affirm.

On January 9, 1992, defendant Ronald Smith entered a negotiated guilty plea to two counts of robbery. The negotiated sentence imposed imprisonment of four to twenty-three months, on each bill, to be served concurrently. Additionally, the court ordered the defendant to serve consecutive one year probation terms on each bill.

▮▮▮▮▮▮▮

▮▮▮▮ On November 16, 1993, Smith was arrested, charged, and convicted of numerous other felonies.[1]  At a subsequent probation hearing, Smith's 1992 probation was revoked[2] and he was sentenced to two concurrent terms of imprisonment of two to five years on the original 1992 bills, to run consecutively to the sentence he was serving for the 1993 convictions. After Smith's petition for modification of sentence was denied, he appealed to this court.  He raises the following issue for our review:

> Whether appellant's sentence of two to five years following probation revocation is illegal as it exceeded the maximum period of probation originally imposed?

▮▮▮▮ The scope of review following revocation of probation is limited to the validity of the proceedings and the legality of the sentence.  *Commonwealth v. Gilmore*, 465 Pa. 202, 348 A.2d 425 (1975).  Additionally, the challenge to the validity of sentence imposed pursuant to a plea bargain goes to the legality of sentence and, as such, is a non-waivable matter.  *Commonwealth v. Daniels*, 440 Pa.Super. 615, 656 A.2d 539 (1995).

Smith claims that it was procedurally incorrect for the trial court to impose a sentence upon him which directly contravenes binding case law precedent.  Specifically, appellant as-

1. Smith was subsequently sentenced, on these convictions, to a term of four to fifteen years imprisonment.

2. Because the commission of a new crime violates an implied condition of probation and suggests that the defendant is a poor probation risk, *Commonwealth v. Miller*, 358 Pa.Super. 219, 516 A.2d 1263 (1986), the sentencing court was well within its authority to revoke Smith's probation after he committed numerous crimes while on probation—robbery, criminal conspiracy, recklessly endangering another person, terroristic threats, simple assault and two counts of theft. *See Miller*, 358 Pa.Super. at 223–24, 516 A.2d at 1265–66 (defendant's commission of new offenses of assault, recklessly endangering another person, possession of an instrument of crime and prostitution justified court's revocation of probation); *see also Commonwealth v. Spinozzi*, 236 Pa.Super. 32, 345 A.2d 181 (1975) (probation revocation hearings are flexible; material not considered by the court is admissible at such hearings; proof required at revocation is less than that required to sustain a criminal conviction). Because Smith was arrested, charged and ultimately convicted of multiple felonies, we are convinced that the basis for revoking his probation was sufficient. *Spinozzi, supra.*

serts that this court's decision in *Commonwealth v. Anderson*, 434 Pa.Super. 309, 643 A.2d 109 (1994), mandates that a sentence of imprisonment which is imposed after revocation of a defendant's probation, and which exceeds the length of the original probationary period, is illegal. Smith's reliance on *Anderson*, however, is misplaced.

In *Commonwealth v. Anderson*, 434 Pa.Super. 309, 643 A.2d 109 (1994), the defendant pled guilty to two counts of burglary and was sentenced to 11½–23 months in prison, to be followed by a five year probationary term. Two months later, the defendant, charged with theft and receiving stolen property, entered into a negotiated plea bargain with the court. The court accepted this agreement and sentenced the defendant to five years probation, with the second sentence for the theft and stolen property convictions to run concurrently with the defendant's prior burglary sentence. The court subsequently revoked defendant's probation, and, at a resentencing hearing, the court sentenced her to two to five years incarceration for the theft and stolen property convictions. These sentences were to be served consecutively—for a total four to nine year term of confinement.

On appeal, the defendant claimed that the sentencing court erred by imposing the consecutive sentences at her revocation of probation hearing. Determining that the trial court's judgment of sentence should be vacated and the case remanded for resentencing, this court's holding particularly stressed the binding nature of a negotiated plea. This court found that because the trial court sentenced the defendant to serve her sentences concurrently, pursuant to a negotiated plea bargain, the sentencing court's subsequent imposition of a consecutive sentence on the defendant was invalid.

The holding in *Anderson*, however, is not relevant to the case at hand. Although the trial court did enter into a negotiated plea bargain with Smith at his original sentencing proceeding, the negotiated agreement was never changed by the trial court when it resentenced Smith for violating his probation. In fact, the sentence following Smith's revocation of probation was consistent with that of his plea for the first

robbery convictions. At Smith's original hearing, the court and Smith agreed that his sentences would run concurrently. After his probation revocation, the court entered a sentence which also ran concurrently on the original robbery convictions.[3]

There exists an additional reason why the instant case is not governed by the dictates of *Anderson.* Specifically, *Anderson* uses the following language, found in *Commonwealth v. Harrison,* 264 Pa.Super. 62, 398 A.2d 1057 (1979), to support its finding that the sentence imposed was illegal:

[A]ny sentence imposed after probation revocation must not exceed the maximum sentence originally imposed.

*Id.* at 66 n. 2, 398 A.2d at 1059 n. 2. This premise, however, was intended to be applied strictly to cases where a trial court resentences a defendant after having first imposed a sentence and then *suspended* the sentence pending a period of probation.[4] By contrast, in the instant case Smith's sentence consisted of a term of total confinement followed by a term of

3. The Commonwealth relies on the holding of the consolidated appeals of *Commonwealth v. Byrd,* 444 Pa.Super. 86, 663 A.2d 229, and *Commonwealth v. Bender,* 444 Pa.Super. 86, 663 A.2d 229, to refute the applicability of *Anderson.* We note that this reliance is also misplaced. *See Commonwealth v. Byrd,* 444 Pa.Super. 86, 663 A.2d 229, and *Commonwealth v. Bender,* 444 Pa.Super. 86, 663 A.2d 229 (when the defendant has neither entered his plea pursuant to a negotiated plea agreement, nor has the sentencing court's discretion been otherwise limited, a trial court can properly sentence a defendant, following revocation of probation, for a period of incarceration which was more than a previously imposed period of probation).

In the case at hand, Smith did enter his plea pursuant to a negotiated agreement with the court. Additionally, neither *Byrd* nor *Bender* addresses the legality of the revocation of probation sentence in relation to the *original sentence* imposed on Smith—the real issue which should be decided in this appeal, as opposed to Smith's issue as framed and stated on p. 2.

4. Although this court notes that the *Anderson* court failed to state the limited application of this quoted language from *Harrison,* we agree with the decision ultimately reached in *Commonwealth v. Anderson*— namely, that the defendant's sentence after revocation of his probation was illegal. The concurrent sentence imposed pursuant to the negotiated plea bargain was improperly contravened when the sentencing court, following defendant's violation of probation, imposed a consecutive sentence.

probation. The importance of the distinction between a suspended and non-suspended sentence, and the appropriate limits placed upon a court when it must resentence a defendant after probation revocation, was recognized in *Commonwealth v. Raynes*, 349 Pa.Super. 314, 503 A.2d 17 (1986).

In *Raynes*, the court stated that when a sentence is suspended, pending a period of probation, the court is, in effect, choosing to defer sentencing, and is giving the defendant a chance to prove himself on probation. Because a court voluntarily chooses to be more lenient when it suspends a defendant's sentence, when the same defendant violates probation and must be resentenced, the court cannot sentence the defendant more strictly than the sentence originally imposed. *Id.; see also Commonwealth v. Cole*, 222 Pa.Super. 229, 294 A.2d 824 (1972) (when court suspends imposition of sentence and places the defendant on probation, the court is not limited to resentencing defendant, upon revocation of probation, by a term of probation; however any term of imprisonment, upon resentencing, may not exceed the maximum term of the defendant's original sentence); *Commonwealth v. Johnson*, 269 Pa.Super. 122, 409 A.2d 94 (1979) (where original sentence was imposed and then *suspended* and *replaced by lesser sentence*, reimposition of original sentence, upon revocation of probation, was a second punishment and constituted double jeopardy); *Commonwealth v. Silverman*, 442 Pa. 211, 275 A.2d 308 (1971) (modified sentence which was later increased upon resentencing of defendant, who had violated his probation, constituted double jeopardy and was constitutionally impermissible). Because the sentencing judge did not suspend Smith's original sentence pending a period of probation, *Raynes, supra*, Smith's sentence was not of the type which would invoke double jeopardy concerns. *Johnson, supra.*

The imposition of sentence following revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. *Commonwealth v. Bell*, 269 Pa.Super. 559, 410 A.2d 843 (1979). Additionally, it is well-settled that upon revocation of probation, a court possesses the same sentencing

alternatives that it had at the time of the initial sentencing. *Commonwealth v. Pierce*, 497 Pa. 437, 441 A.2d 1218 (1982). We find that the trial judge did not abuse his discretion in sentencing Smith to a term of two to five years incarceration following his probation revocation.

The sentencing judge noted that Smith's original conviction carried a maximum of twenty years imprisonment and a $50,000.00 fine. Accordingly, the court had the authority to sentence Smith to a maximum of twenty years based on the two original robbery convictions in 1992. *Pierce*, 497 Pa. at 440, 441 A.2d at 1219 (appellant originally sentenced to a term of 11½ to 23 months with an eight year term of probation, who subsequently violated his conditions of probation, was not illegally sentenced when trial court sentenced defendant to a term of total confinement of 4 to 8 years upon revocation of his probation, in light of the fact that the defendant was placed in the same position that he was in at the time of his original conviction, and the sentencing court had the authority to sentence defendant to a term total confinement up to 10 to 20 years, based on the minimum and maximum terms of imprisonment for robbery under the Criminal Code).

Additionally, the total time of confinement, after Smith was resentenced at his probation revocation hearing, was well below the statutory maximum. *See Commonwealth v. Fleeger*, 292 Pa.Super. 310, 437 A.2d 60 (1981) (probation violation sentence of 18 to 36 months imprisonment was not illegal, where such sentence was not imposed after a term of imprisonment was vacated and replaced by probationary term, but, was imposed in conjunction with a term of imprisonment, and probation violation sentence did not exceed the maximum sentence to be imposed for robbery conviction when combined with the time that the defendant had already served). Smith's original sentence of imprisonment, for the 1992 robberies, was 4–23 months. The total time of confinement imposed by the court in 1993 for these same bills, following probation revocation, was 2–5 years. Therefore, the maximum amount of time which Smith could have possibly spent imprisoned was 83 months—23 months plus 5 years. This amount is just under

seven years—well below the statutory maximum of twenty years. *Fleeger, supra.*

Accordingly, because we find that Smith's sentence was neither an abuse of the trial court's discretion, *Bell, supra,* nor illegal, we affirm the trial court's order. *Pierce, supra.*

Order affirmed.