J-S05003-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOUGLAS V. HINES | : | |
| | : | |
| Appellant | : | No. 18 WDA 2017 |

Appeal from the Judgment of Sentence November 29, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0002941-2014

BEFORE:   OLSON, J., OTT, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.:                                FILED APRIL 17, 2018

Appellant, Douglas Hines, appeals from the judgment of sentence entered on November 29, 2016.   We vacate and remand for further proceedings consistent with this memorandum.

The factual background of this case is as follows.   On October 21, 2013, Appellant was babysitting his paramour's son, 23-month-old Q.S. ("Child").   Appellant shook Child, causing serious brain damage.   Child is partially paralyzed because of the injuries sustained during this incident.

The procedural history of this case is as follows.   On July 15, 2015, Appellant pled guilty to aggravated assault.[1]   The trial court immediately

_____

[1] 18 Pa.C.S.A. § 2702(a)(1).

_____

*   Retired Senior Judge assigned to the Superior Court.

sentenced him to ten years' probation. Appellant filed a timely post-sentence motion. The trial court denied the motion and Appellant did not file a direct appeal.

Thereafter, Appellant was arrested for violating the terms of his probation. At the conclusion of a Gagnon I[2] hearing on July 19, 2016, the trial court ordered Appellant detained. On November 29, 2016, at the conclusion of a Gagnon II hearing, the trial court found Appellant in technical violation of his probation terms, revoked his probation, and resentenced him to five to ten years' imprisonment. This timely appeal followed.[3]

Appellant presents two issues for our review:

1. Whether the evidence was insufficient to prove that [Appellant] was in violation of his probation?

2. Whether [Appellant]'s revocation sentence of [five to ten] years' state incarceration is illegal?

Appellant's Brief at 6.

In his first issue, Appellant argues that the evidence was insufficient to revoke his probation. As this Court has explained:

_____

[2] See Gagnon v. Scarpelli, 411 U.S. 778 (1973).

[3] On January 11, 2017, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). See Pa.R.A.P. 1925(b). On February 27, 2017, Appellant filed his concise statement. On May 31, 2017, the trial court issued its Rule 1925(a) opinion. Appellant included both of his issues in his concise statement.

In order to uphold a revocation of probation, the Commonwealth must show by a preponderance of the evidence that a defendant violated his probation. The reason for revocation of probation need not necessarily be the commission of or conviction for subsequent criminal conduct. Rather, this Court has repeatedly acknowledged the very broad standard that trial courts must use in determining whether probation has been violated. A probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct.

Commonwealth v. Colon, 102 A.3d 1033, 1041 (Pa. Super. 2014), appeal denied, 109 A.3d 678 (Pa. 2015) (internal citations and quotations omitted).

The trial court revoked Appellant's probation for three violations: (1) his failure to cooperate with his probation officer; (2) his failure to pay court costs; and (3) his contact with Child's mother. We focus our attention on the first ground for revocation,[4] in which the trial court found that Appellant

_____

[4] We agree with Appellant that the evidence was insufficient to revoke his probation for failure to pay court costs. As this Court has previously explained to the trial judge in this case:

> a term of probation may not be revoked for failure to pay fines [or court costs] absent certain considerations by the trial court. Prior to revoking probation on the basis of failure to pay fines, costs, or restitution, the court must inquire into the reasons for a probationer's failure to pay and make findings pertaining to the willfulness of the party's omission. In other words, a proper analysis should include an inquiry into the reasons surrounding the probationer's failure to pay, followed by a determination of whether the probationer made a willful choice not to pay. After making those determinations, if the court finds the probationer could not pay despite sufficient bona fide efforts to acquire resources to do so, the court should then consider alternatives to incarceration.

(Footnote Continued Next Page)

failed to report to his probation officer as required and evaded all but one home visit during his two years on probation. See N.T., 11/29/16, at 8; see also Trial Court Opinion, 5/31/17, at 4-5. Appellant argues that the evidence was insufficient to support the trial court's finding that he failed to cooperate with his probation officer. Appellant contends that the evidence supporting the trial court's finding "was inadmissible, incompetent, and a violation of [Appellant]'s federal and state constitutional rights of confrontation and due process." Appellant's Brief at 29.

We agree with Appellant that the evidence was inadmissible;[5] however, Appellant's arguments related to the admissibility of this evidence are waived. "A party may claim error in a ruling to admit [] evidence only [if it], on the record[,] makes a timely objection, motion to strike, or motion in

(Footnote Continued) ——————————

Commonwealth v. Allshouse, 969 A.2d 1236, 1242 (Pa. Super. 2009) (cleaned up).

As in Allshouse, the trial court failed to conduct the necessary inquiry to revoke Appellant's probation for failure to pay court costs.

The evidence was also insufficient to revoke Appellant's probation for contacting Child's mother. The trial court found Child's aunt, the only witness that testified regarding Appellant's contact with Child's mother, not credible. N.T., 7/19/16, at 15. Without this testimony, there was insufficient evidence that Appellant contacted Child's mother.

[5] See Allshouse, 969 A.2d at 1241-1242 (explaining that the trial court must find good cause before admitting hearsay evidence at a Gagnon II hearing). In this case, the trial court failed to make the requisite finding of good cause. There was no admissible evidence supporting the trial court's finding that Appellant failed to cooperate with his probation officer.

limine[ and] states the specific ground, unless it was apparent from the context." Pa.R.Evid. 103(a); see also Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). In this case, Probation Officer Amy Protulipac testified at the Gagnon I hearing. She testified that Appellant was noncompliant with his probation terms as he refused to cooperate with a different probation officer and avoided home visits. See N.T., 7/19/16, at 2-3. Appellant did not object to this testimony on the grounds that Probation Officer Protulipac was incompetent to testify, that her testimony constituted hearsay, or that her testimony violated his Confrontation Clause rights. See generally N.T., 7/19/16; N.T., 11/29/16. Thus, Appellant waived any argument that Probation Officer Protulipac's testimony was inadmissible.

Probation Officer Protulipac's testimony was sufficient to revoke Appellant's probation. The first general probation condition imposed by the trial court was that Appellant "must report to [his] assigned probation officer as required and/or allow [his] probation officer to visit [his] home." Rules of Probation, 8/21/15, at 1. Probation Officer Protulipac's testimony proved, by a preponderance of the evidence, that Appellant failed to report to his

probation officer and avoided home visits. Hence, there was sufficient evidence that Appellant was in technical violation of his probationary terms.[6]

In his second issue, Appellant argues that his sentence is illegal. "Issues relating to the legality of a sentence are questions of law. Our standard of review over such questions is de novo and our scope of review is plenary." Commonwealth v. Rodriguez, 174 A.3d 1130, 1147 (Pa. Super. 2017) (internal citation and quotations omitted).

First, Appellant contends that the trial court's consideration of the underlying criminal offense violated the Double Jeopardy Clause of the United States and Pennsylvania constitutions. This argument is without merit. Considering the underlying offense when resentencing an individual after revoking probation does not violate the Double Jeopardy Clause of either the state or federal constitution. See Commonwealth v. Hunter, 468 A.2d 505, 507 (Pa. Super. 1983) (citation omitted). Thus, the trial court did not violate Appellant's double jeopardy rights by considering the gravity of the underlying offense when resentencing Appellant to five to ten years' imprisonment.

_____

[6] Appellant may seek collateral relief because of his counsel's failure to object to the inadmissible evidence which led us to find his arguments waived. We cannot, however, address this ineffectiveness claim on direct appeal. See Commonwealth v. Cox, 146 A.3d 221, 225 n.6 (Pa. 2016) (citation omitted).

Appellant next contends that the trial court erred in not awarding 15 days' credit for time served in 2014. The Commonwealth concedes that a hearing on whether Appellant is entitled to credit for 15 days of time served in 2014 is warranted. Accordingly, we vacate Appellant's judgment of sentence and remand for the sole purpose of imposing the same term of imprisonment and determining if Appellant is entitled to 15 days' credit for time served in 2014.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/17/2018