J-S09027-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                         :  PENNSYLVANIA
                                         :

             v.                           :

EDWARD SMITH                     :

            Appellant         :  No. 2894 EDA 2019

Appeal from the Judgment of Sentence Entered September 4, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0000519-2019

BEFORE:   SHOGAN, J., LAZARUS, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED MARCH 27, 2020**

     Edward Smith appeals from the judgment of sentence, entered in the Court of Common Pleas of Delaware County, following a negotiated guilty plea to possession of a controlled substance, phencyclidine (PCP).[1]  On appeal, counsel has filed an "***Anders*** brief"[2] and motion to withdraw.  Based on our review of the record, we affirm the judgment of sentence and grant counsel's motion to withdraw.

     On July 15, 2018, Officer Craig Harlow pulled Smith over under suspicion that the vehicle he was driving was stolen.  Officer Harlow conducted a search for his own safety and discovered empty glass vials on Smith's person and

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(16).

[2] ***Anders v. California***, 386 U.S. 738 (1967).

one glass vial containing suspected PCP inside the vehicle. Officer Harlow confirmed that the vehicle was stolen and Smith did not have permission to drive it.

On September 4, 2019, Smith entered a negotiated guilty plea to possession of a controlled substance. The court conducted a guilty plea colloquy to confirm Smith was not under physical or emotional distress. As was negotiated, the court sentenced Smith to three years' probation. Smith did not file post-sentence motions, but filed a counseled notice of appeal on October 4, 2019. The court requested a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal and Smith's counsel informed the court of his intent to withdraw and file an **Anders** brief pursuant to Rule 1925(c)(4). As a result, the trial court did not author an opinion. On December 16, 2019, Smith's counsel filed an **Anders** brief and a contemporaneous petition to withdraw with this Court.

Prior to reviewing the substance of Smith's appellate claim, we must address counsel's request to withdraw. In order to withdraw counsel must: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support an appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief raising any additional points that the appellant deems worthy of review. **Commonwealth v. Hernandez**, 783 A.2d 784, 786 (Pa. Super. 2001). In

- 2 -

*Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), the Pennsylvania Supreme Court held that, in order to withdraw under *Anders*, counsel must also state his reasons for concluding his client's appeal is frivolous.

Instantly, counsel's petition states that he has made an examination of the record and concluded the appeal is wholly frivolous. Counsel indicates that he supplied Smith with a copy of the brief and a letter explaining his right to proceed *pro se* or with privately-retained counsel, and to raise any other issues he believes might have merit. Counsel has also submitted a brief, setting out the issue raised by Smith and, pursuant to the dictates of *Santiago*, explains why he believes the appeal to be frivolous. Thus, counsel has substantially complied with the requirements for withdrawal.

Counsel having satisfied the above requirements, this Court must conduct its own review of the proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. *Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004). As Smith has filed neither a *pro se* brief nor a counseled brief with new, privately-retained counsel, we review the issue raised in the *Anders* brief. Specifically, Smith claims that his sentence is excessive.

Smith's claim raises a challenge to the discretionary aspects of his negotiated sentence. "An appellant who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence." *Commonwealth v. O'Malley*, 957 A.2d 1265, 1267 (Pa. Super. 2008).

Smith has not challenged the legality of his sentence.[3] Thus, Smith's request to review his sentence is wholly frivolous.

Judgment of sentence affirmed. Counsel's petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/27/2020

---

[3] Even when there has been a plea agreement involving a negotiated sentence, an appellant may challenge the sentence as being illegal. ***Commonwealth v. Smith***, 669 A.2d 1008, 1009 (Pa. Super. 1996).