J-S65012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDREW GARY, | |
| Appellant | No. 2382 EDA 2014 |

Appeal from the Judgment of Sentence July 22, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010899-2008

BEFORE:  BENDER, P.J.E., SHOGAN, J., and JENKINS, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED NOVEMBER 10, 2015**

Andrew Gary (Appellant) appeals from the July 22, 2014 judgment of sentence of 11½ to 23 months' incarceration, followed by 3 years' reporting probation.  This sentence was imposed after the court revoked Appellant's probationary sentence, which had resulted from his negotiated guilty plea to the charge of corruption of minors.  Appellant contends that the court abused its discretion in sentencing him to total confinement as it violates 42 Pa.C.S. § 9771(c).  We affirm.

The trial court set forth the procedural history of this case, stating as follows:

> On March 16, 2010, [Appellant] entered a negotiated guilty plea on the charge of Corruption of Minors under 18 Pa.C.S. § 6301(a)(1), a misdemeanor of the first degree, before the Honorable Lisa M. Rau.  [Appellant] was sentenced to five years reporting probation to be supervised by the Sex Offender's Unit of the Philadelphia Probation and Parole Department.

On April 3, 2014, a bench warrant was issued for [Appellant] when he failed to report to his probation officer. On July 22, 2014, this Court conducted a violation hearing, revoked [Appellant's] probationary sentence and imposed a new sentence of eleven and one-half to twenty-three months of incarceration, followed by three years['] consecutive reporting probation. A [Forensic Intensive Recovery] evaluation was ordered with [Appellant] to comply with all recommendations.

On July 30, 2014, [Appellant] filed a Motion for Reconsideration of Sentence. On August 12, 2014, [Appellant] filed a Notice of Appeal. On August 15, 2014, the Court declined to address [Appellant's] Motion for Reconsideration because the matter was under appeal. On September 4, 2014, [Appellant] filed a Statement of Errors Complained of on Appeal….

Trial Court Opinion (TCO), 3/17/15, at 1-2. The court further explained that at the revocation hearing, Appellant's probation officer testified about technical violations, including a positive drug screen, Appellant's admission about his affiliation with a street gang, and his failing to report to his probation officer.

Specifically, in its opinion, the court addressed the evidence presented at the revocation hearing and on what information it based its imposition of a sentence of incarceration.

At the July 22, 2014 hearing, the [c]ourt considered [Appellant's] record, prior sentence, and conduct while on probation, all of which were undisputed. *See* N.T., July 22, 2014 at 2-10. The [c]ourt considered that [Appellant] failed a drug screen on March 20, 2014. *Id.* at 10. The [c]ourt learned that [Appellant's] gang affiliation with the Latin Kings was confirmed by his tattoos and his own statements that he was a member. *Id.* at 3. The [c]ourt also considered that in 2010, [Appellant's] probationary sentence on an unrelated case was revoked and he was given a state sentence of incarceration by the Honorable Jeffery Minehart. *Id.* at 5.

> Additionally, this [c]ourt considered that [Appellant's] failure to report was prompted by his probation officer's erroneous statement that [Appellant] was required to register as a sex offender. *Id.* at 6. Rather than address this issue, [Appellant] stopped reporting to his probation officer. *Id.* at 6-7. The [c]ourt further considered [Appellant's] history of substance abuse, his age at the time of the instant offense, and his allocution. *Id.* at 6-9.

TCO at 5-6. Thus, based upon this information and the probation officer's recommendation, the court revoked Appellant's probationary sentence and imposed the new sentence of incarceration.

On appeal, Appellant presents one issue for our review: "Did not the lower court abuse its discretion where it sentenced [A]ppellant to total confinement in violation of the requirements of 42 Pa.C.S.A. § 9771(c)?" Appellant's brief at 3.[1]

Initially, we note our standard for reviewing Appellant's discretionary aspects of sentencing challenge.

> Our standard of review is well settled. Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion.

_____

[1] We note that Appellant preserved this issue in his post-sentence motion, although he filed a notice of appeal prior to the court's decision on that motion. *See* Pa.R.Crim.P. 708(E) (directing that a motion to modify a sentence imposed after a revocation of probation "will not toll the 30-day appeal period"); *see also* Comment to Pa.R.Crim.P. 708 (stating that under Rule 708(E), "[a]ny appeal must be filed within the 30-day appeal period unless the sentencing judge within 30 days of the imposition of sentence expressly grants reconsideration or vacates the sentence") (citing *Commonwealth v. Coleman*, 721 A.2d 798, 799 n.2 (Pa. Super. 1998); Pa.R.A.P. 1701(b)(3)).

*Commonwealth v. Johnson*, 967 A.2d 1001 (Pa. Super. 2009). An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous. *Commonwealth v. Walls*, 592 Pa. 557, 926 A.2d 957 (2007). It is also now accepted that in an appeal following the revocation of probation, it is within our scope of review to consider challenges to both the legality of the final sentence and the discretionary aspects of an appellant's sentence. *Commonwealth v. Ferguson*, 893 A.2d 735, 737 (Pa. Super. 2006).

…

We note that there is no absolute right to appeal when challenging the discretionary aspect of a sentence. *Commonwealth v. Ahmad*, 961 A.2d 884, 886 (Pa. Super. 2008). Appeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code. *Id.* at 886. A substantial question is raised when the appellant sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process. *Id.*

When a challenge to the discretionary aspect of a sentence is raised, an appellant must provide a separate statement specifying where the sentence falls in the sentencing guidelines, what provision of the sentencing code has been violated, what fundamental norm the sentence violates, and the manner in which it violates the norm. Pa.R.A.P. 2119(f).

*Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010).

Here, Appellant has included a Rule 2119(f) statement in his brief, asserting that the revocation court violated the express provisions of the Sentencing Code, namely, 42 Pa.C.S. § 9771(c). Specifically, Appellant contends that "[t]he court imposed a sentence of total confinement following [A]ppellant's technical probation violation absent any of the prerequisites listed in Section 9771(c)." Appellant's brief at 7. We conclude that

Appellant's assertion presents a substantial question for our review. *See Crump*, 995 A.2d at 1282 (considering as a substantial question the appellant's claim that the court abused its discretion by imposing a sentence of total confinement for technical violation of probation). *See also Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000) (stating that "a substantial question is presented when a sentence of total confinement, in excess of the original sentence, is imposed as a result of a technical violation of parole or probation.").

Now, we turn to the merits of Appellant's appeal, recognizing that:

> The imposition of sentence following the revocation of probation "is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." *Commonwealth v. Smith*, 447 Pa. Super. 502, 669 A.2d 1008, 1011 (Pa. Super. 1996). An abuse of discretion is more than an error in judgment - a sentencing court has not abused its discretion "unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." *Commonwealth v. Smith*, 543 Pa. 566, 571, 673 A.2d 893, 895 (1996).

*Sierra*, 752 A.2d at 913.

Appellant acknowledges that "a sentencing court has all the sentencing alternatives available to it after a probation revocation as it did originally[.]" Appellant's brief at 9. *See also Commonwealth v. Coolbaugh*, 770 A.2d 788, 792 (Pa. Super. 2001) ("[T]he sentencing guidelines do not apply to sentences imposed as a result of … probation revocations."). However, Appellant contends that the court erred by imposing a term of incarceration

for technical probation violations without considering the factors set forth in 42 Pa.C.S. § 9771(c). That statue states in pertinent part:

**(c) Limitation on sentence of total confinement.**—The court shall not impose a sentence of total confinement upon revocation unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c). In discussing section 9771, the **Sierra** Court recognized "that the legislature [gave] particular consideration to the appropriateness of sentences of total confinement following revocation of probation." **Sierra**, 752 A.2d at 913.

In this case, based on what was considered when Appellant was sentenced to a term of incarceration, including *inter alia*, Appellant's record, conduct on probation, drug test failure, and gang affiliation, the court concluded that:

Here, the record reflects that the [c]ourt considered [Appellant's] background, character and rehabilitative needs after weighting the evidence. The [c]ourt concluded that it was likely that [Appellant] would commit another crime if he remained at liberty based upon [Appellant's] technical violations, criminal history and prior probation revocation.

TCO at 6. Our review of the record reveals support for these findings and conclusions. Moreover, these findings are enough upon which to determine

that, unless incarcerated, Appellant would likely commit another crime. ***See***

***Commonwealth v. Cappellini***, 690 A.2d 1220, 1225-26 (Pa. Super. 1997)

(stating that "continued drug use, combined with his resistance to treatment

and supervision, is enough to make a determination that, unless

incarcerated, appellant would in all likelihood commit another crime").[2]

Thus, we conclude that section 9771(c)(2) was satisfied. Appellant is not

due any relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/10/2015

_____

[2] We also note that as in ***Cappellini***, where the appellant admitted to using cocaine, Appellant here also was found to have used illegal drugs in that he failed a drug screen on March 20, 2014.