J-S68010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WILLIAM TIHIEVE RUSSAW | : | |
| | : | |
| Appellant | : | No. 256 MDA 2017 |

Appeal from the Judgment of Sentence January 17, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0004591-2016,
CP-22-CR-0004769-2015, CP-22-CR-0005187-2015

BEFORE:   LAZARUS, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED DECEMBER 18, 2017**

William Tihieve Russaw appeals from his judgment of sentence of 1½ to 4 years' imprisonment, entered in the Court of Common Pleas of Dauphin County, imposed after he violated the terms of his probation and the conditions of his intermediate punishment ("IP").  After careful review, we affirm.

On September 20, 2016, Russaw pled guilty to stalking,[1] three counts of selling a non-controlled substance as a controlled substance,[2] two counts of possession of drug paraphernalia,[3] and tampering with evidence.[4]  The

---

[1] 18 Pa.C.S.A. § 2709.1.

[2] 35 Pa.C.S.A. § 780-113(a)(35)(ii).

[3] 35 Pa.C.S.A. § 780-113(a)(32).

[4] 18 Pa.C.S.A. § 4910(a).

---

*   Retired Senior Judge assigned to the Superior Court.

same day, the trial court sentenced Russaw to an aggregate term of 60 months of IP, 12 months' electronic monitoring, and 12 months' probation. The trial court summarized the procedural and factual history following Russaw's sentencing as follows:

> [Russaw] was arrested on November 15, 2016, less than two months after his sentenc[ing], for multiple violations of probation and the conditions of intermediate punishment. [Russaw] violated probation by failing to allow the probation officer access to his house, lying to the officer, failing to follow the officer's instructions, failing to pay any of his fines or costs, using drugs, having access to drug paraphernalia, and possessing more than one cell phone. [Russaw] also violated the electronic monitoring requirements by having multiple unapproved outs and allowing the device to die. There were a total of 246 violations during the two[-]month period that appellant was on probation and intermediate punishment.
>
> [Russaw] asserted that he hesitated to open the door for [his] probation [officer] because a [woman] was not properly clothed[,] and he did not follow the officer's direction because he was unsure that it was his probation officer. [Russaw] claimed that he was unable to make payments on his fines and costs because he had only been out of prison for one month. He then explained that he possessed three cellphones because of work and failed to charge the electronic monitor because he was working three jobs. Further, [Russaw] claims that the drug paraphernalia was only a girl's hair beads.

Trial Court Opinion, 3/6/17, at 1-3. On January 17, 2017, following a revocation and sentencing hearing, the trial court resentenced Russaw to 1½ to 4 years' imprisonment for violating technical probation rules 246 times. On January 26, 2017, Russaw filed a timely post sentence motion for modification

of sentence, and on February 3, 2017, Russaw filed a timely notice of appeal.[5]

Both Russaw and the trial court have complied with Pa.R.A.P. 1925. Russaw raises the following issue on appeal:

> Was not the imposition of a probation violation sentence of 1½ to 4 years' incarceration clearly unreasonable, so manifestly excessive as to constitute an abuse of discretion, and inconsistent with the protection of the public, the gravity of the offenses, and defendant's rehabilitative needs where the revocation conduct involved technical violation of parole/probation?

Brief of Appellant, at 5.

When reviewing the outcome of a revocation proceeding, this Court is limited to determining the validity of the proceeding, the legality of the judgment of sentence imposed, and the discretionary aspects of sentencing.

---

[5] Pa.R.C.P. 720(B)(3)(d) provides that "[i]f the [trial court] judge denies [a] post-sentence motion, the judge promptly shall issue an order and the order shall be filed and served as provided in [Pa.R.C.P. 114]." Additionally, "[i]f the judge fails to decide [a post-sentence motion] within 120 days . . . the motion shall be deemed denied by operation of law." Pa.R.C.P. 720(B)(3)(a). "When a post-sentence motion is denied by operation of law, the clerk of courts shall forthwith enter an order on behalf of the court[.]" Pa.R.C.P. 720(B)(3)(c). A timely written order, by either the trial court or the clerk of courts upon denial of a post-sentence motion by operation of law, is intended to protect a defendant's right to appeal. *Commonwealth v. Braykovich*, 664 A.2d 133 (Pa. Super. 1995).

Absent from the certified record and/or docket is an order by Honorable Richard A. Lewis denying Russaw's post-sentence motion or an order entered by the clerk of courts denying his motion by operation of law. However, Russaw filed his notice of appeal on February 3, 2017, and thus, even if the trial court had denied Russaw's motion the day he filed it, his appeal would have been timely, as only eight days had tolled. *See* Pa.R.A.P. 903. Therefore, although we acknowledge the absence of an order denying Russaw's post-sentence motion in the certified docket and record, we do not find that Russaw's appeal right was prejudiced.

*Commonwealth v. Carterette*, 83 A.3d 1031, 1033-34 (Pa. Super. 2013).

Here, Russaw claims that the trial court abused its discretion in sentencing him to total confinement following the revocation of his probation and intermediate punishment. The imposition of a sentence following the revocation of probation is "vested within the sound discretion of the trial court, which, absent an abuse of discretion, will not be disturbed on appeal." *Commonwealth v. Smith*, 669 A.2d 1008, 1011 (Pa. Super. 1996). An abuse of discretion is more than an error of judgment, such that a sentencing court will not be found to have abused its discretion unless the record discloses that it ignored or misapplied the law, or that the judgement exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill will. *Commonwealth v. Highland*, 875 A.2d 1175, 1184 (Pa. Super. 2005).

However, "[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right." *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

> we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, [*s*]*ee* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, [*s*]*ee* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006) (internal citations omitted).

Accordingly, when appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 812 A.2d 617 (Pa. 2002); Pa.R.A.P.2119(f). The concise statement must indicate "where the sentence falls in relation to the sentencing guidelines and what particular provision of the code it violates." *Commonwealth v. Kiesel*, 854 A.2d 530, 532 (Pa. Super. 2004) (quoting *Commonwealth v. Goggins*, 748 A.2d 721, 727 (Pa. Super. 2000)). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the sentencing code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra*, 752 A.2d at 912-13.

Russaw has complied with the requirements necessary for us to reach the merits of his discretionary sentencing issue. *Evans*, *supra*. Russaw filed a motion for reconsideration of sentence on January 26, 2017, after which he filed a timely notice of appeal on February 3, 2017. Russaw has also included a Rule 2119(f) statement in his brief. Brief of Appellant, at 10-12. Instantly, Russaw argues that his sentence of total confinement following the revocation of his probation for a technical violation, rather than a new criminal offense, raises a substantial question; we agree. For the purpose of challenging the discretionary aspect of a sentence, the imposition of a sentence of total

confinement after the revocation of probation for a technical rule violation, and not a new criminal offense, implicates the fundamental norms underlying the sentencing process, thus, raising a substantial question. *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010); *Sierra*, *supra*.

When imposing a sentence of total confinement after a probation revocation, the sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender. *Crump*, 995 A.2d at 1282-83. Further,

> Under [section] 9771(c), a court may sentence a defendant to total confinement subsequent to revocation of probation if any of the following conditions exist:
>
> > 1. the defendant has been convicted of another crime; or
> >
> > 2. the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
> >
> > 3. such a sentence is essential to vindicate the authority of this court.

*Id.*

Russaw concedes that his sentence falls within the sentencing guidelines, however, he avers that his "case involves circumstances where the application of the guidelines would be clearly unreasonable." 42 Pa.C.S.A. § 9781(c)(2). His claim is meritless. Here, Russaw violated his probation an

extraordinary 246 times in less than two months.[6]  Russaw's violations included, but were not limited to, the following:  (1) not allowing his probation officer to access his residence; (2) failing to pay fines and costs; (3) smoking marijuana and possessing suspected drug paraphernalia; (4) not reporting his new residential address to his probation officer; (5) returning to a prohibited residence 16 times; (6) possessing multiple cellphones in violation of signed drug rules; (7) numerous unapproved outings while on house arrest; and (8) allowing his electronic monitoring device to die 16 times.  N.T. Revocation and Sentencing, 1/17/17, at 2-4.

Based on these violations, Russaw's tendency to abscond from supervision, and his continued inability to follow the rules of probation and parole, the trial court determined that Russaw was likely to commit another crime if he was not imprisoned.[7]  ***Crump***, ***supra***.  After review, we discern no

_____

[6] Russaw contests several of the violations his probation officer alleged.  At Russaw's revocation hearing, Judge Lewis, acting as the factfinder, found credible the testimony of Probation Officer Bruce Cutter.  ***See generally*** N.T. Revocation and Sentencing Hearing, 1/17/17;  ***see also Flowers v. Pennsylvania Board of Probation and Parole***, 987 A.2d 1269, 1271 (Pa. Cmwlth. 2010) (Board of Probation and Parole, as ultimate fact-finder in parole revocation hearing, evaluates witness credibility, resolves conflicts in evidence, and assigns evidentiary weight).

[7] Russaw argues that he poses no threat to the public, as his probation violations are not violent in nature, and thus total confinement is unnecessary. However, section 9771(c) does not require that a defendant's conduct indicate it is likely he will commit another *violent* crime.  Rather, section 9711(c) provides that a court may sentence a defendant to total confinement subsequent to revocation of probation where "the conduct of the defendant indicates that it is likely that he will commit another crime if he is not

evidence that the trial court was motivated by partiality, prejudice, bias or ill will, or that Russaw's sentence was manifestly unreasonable.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/18/2017

---

imprisoned." 42 Pa.C.S.A. § 9771(c)(2). Therefore, Russaw's argument is unavailing.