J-S12013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KYLE LEE AUNKST | : | |
| | : | No. 1377 MDA 2017 |
| Appellant | : | |

Appeal from the Judgment of Sentence December 28, 2016
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000438-2015,
CP-41-CR-0000787-2015

BEFORE: LAZARUS, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.: **FILED MAY 21, 2018**

Kyle Lee Aunkst appeals from his judgment of sentence, entered in the Court of Common Pleas of Lycoming County, following revocation of his probation. Aunkst's counsel has filed an **Anders**[1] brief, together with a petition to withdraw as counsel. After review, we affirm the judgment of sentence and grant counsel's petition to withdraw.

On April 21, 2015, Aunkst and his accomplice stole numerous DVDs and video games from a Target store; the approximate value of the stolen merchandise was $334.00. On June 1, 2015, Aunkst pleaded guilty to retail

_____

[1] **Anders v. California**, 386 U.S. 738 (1967).

theft,[2] graded as a misdemeanor of the first degree.[3]  On August 11, 2015, the trial court imposed a term of three years' probation under the supervision of the Lycoming County Adult Probation Office.  The trial court summarized Aunkst's conduct while on probation as follows:

> [Aunkst] was released from prison on his initial sentence on August 26, 2015.  He was permanently detained on December 14, 2016.  He was sentenced on December 28, 2016. In this 16-month period of time, [Aunkst] was in five inpatient treatment facilities. Additionally, he was in three halfway houses.  He was on active supervision and when he was not in an inpatient facility or at a halfway house, he was provided outpatient counseling, reentry services and medically assisted treatment.  Yet despite all of these efforts toward treatment and rehabilitation, [Aunkst] could not maintain his sobriety and continued to use heroin.  In fact, it appears that [Aunkst's] addiction actually worsened.  By August of 2016, while [Aunkst] was in a halfway house, he overdosed. [Aunkst] stopped reporting and absconded from supervision[.]

Trial Court Opinion, 11/27/17, at 2.

On December 28, 2016, the trial court revoked Aunkst's probation and sentenced him to 2½ to 5 years' imprisonment.  On February 23, 2017, Aunkst filed a letter with the trial court, which it treated as a *pro se* petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  The PCRA court appointed counsel, and granted Aunkst relief to right to file post-sentence motions *nunc pro tunc*.  On August

---

[2] 18 Pa.C.S.A. § 3929.

[3] **See** 18 Pa.C.S.A. § 3929(b)(iii) ("Misdemeanor of the first degree when the offense is a first or second offense and the value of the merchandise is $150 or more.").

29, 2017, the trial court denied Aunkst's motion to modify sentence. The following day, Aunkst filed a timely notice of appeal. Both Aunkst and the trial court have complied with Pa.R.A.P. 1925.

Preliminarily, we address counsel's motion for withdrawal. To obtain permission to withdraw, counsel must file an *Anders* brief that meets the requirements established by our Supreme Court in *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel reasonably believes supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statuses on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Counsel must provide the appellant with a copy of the *Anders* brief along with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007). Substantial compliance with these requirements is sufficient. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa. Super. 2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the

- 3 -

appeal is, in fact, wholly frivolous." ***Commonwealth v. Palm***, 903 A.2d 1244, 1246 (Pa. Super. 2006).

Here, appointed counsel, Julian Allatt, Esquire, filed an application for leave to withdraw as counsel. In his ***Anders*** brief, Attorney Allatt states that, following review of the applicable law and the record, including the probation revocation hearing transcript, he determined Aunkst's challenge to the discretionary aspects of his sentence was wholly frivolous. In Attorney Allatt's ***Anders*** brief, he: (1) includes a summary of the facts and the procedural history of the case; (2) refers to evidence of record that arguably supports Aunkst's claim on appeal; (3) cites to relevant case law; (4) and states his conclusion that Aunkst's claim on appeal is frivolous. On January 23, 2018, Attorney Allatt provided Aunkst with a copy of his ***Anders*** brief and a letter advising him of his rights. Accordingly, Attorney Allatt has substantially complied with the requirements of ***Anders*** and ***Santiago***.

As Aunkst has filed neither a *pro se* brief nor a counseled brief with new, privately retained counsel, we review this appeal based on the lone issue of arguable merit raised in Attorney Allatt's ***Anders*** brief:

> Whether the trial court abused its discretion by sentencing [Aunkst] to a manifestly excessive aggregate period of incarceration of [2½ to 5] years[' imprisonment] on a probation revocation where the underlying crime [] is a single count of retail theft graded as a misdemeanor of the first degree and the basis for revocation was a series of relatively minor violations of the conditions of [Aunkst's] probation[?]

***Anders*** Brief, at 8.

"The imposition of a sentence following the revocation of probation 'is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal.'" ***Commonwealth v. Sierra***, 752 A.2d 910, 913 (Pa. Super. 2000), quoting ***Commonwealth v. Smith***, 669 A.2d 1008, 1011 (Pa. Super. 1996). An abuse of discretion is more than an error in judgment. A sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. ***Sierra***, 752 A.2d at 913.

However, challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Moury***, 992 A2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [***see***] Pa.R.A.P. 2219(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [***see***] 42 Pa.C.S.A. § 9781(b).

***Moury***, 992 A.2d at 170 (citation omitted).

Aunkst filed a timely notice of appeal and preserved his discretionary sentencing issue in a motion to modify sentence. Aunkst did not file a concise statement of reasons relied upon for allowance of

appeal with respect to the discretionary aspects of his sentence pursuant to Rule 2119(f). However, the Commonwealth did not object to the instant procedural defect[4] and a Rule 2119(f) statement is not required in an *Anders* brief. *Commonwealth v. Zeigler*, 112 A.3d 656 (Pa. Super. 2015) (appellate court would not consider failure of defense counsel, who filed *Anders* brief, to submit a concise statement of reasons for allowance of appeal, with respect to discretionary aspects of sentence, as precluding review of whether defendant's sentencing issue was frivolous). Thus, we proceed with our review of Aunkst's claim on appeal.

Aunkst claims that the trial court's imposition of a maximum sentence for retail theft graded as a misdemeanor is manifestly excessive. Aunkst's claim is without avail.

On appeal from a revocation proceeding, a substantial question that a sentence is inappropriate is presented, so as to permit review of discretionary aspect of sentence, when a sentence of total confinement, in excess of the original sentence, is imposed as a result of a technical violation of parole or probation. *Sierra*, 752 A.2d at 913. Therefore, Aunkst has presented a

_____

[4] The Commonwealth did not file a brief in this matter. *See Commonwealth v. Kiesel*, 854 A.2d 530, 533 (Pa. Super. 2004) (when appellant has not included concise statement of reasons relied upon for allowance of appeal with respect to discretionary aspects of sentence and appellee has not objected, appellate court may ignore omission and determine if there is substantial question that sentence imposed was not appropriate or enforce requirements of rule, requiring concise statement, *sua sponte*).

substantial question necessitating our review. *Id.* ("The imposition of [appellant's] sentence of total confinement at the statutory maximum for her underlying offense, following revocation of probation for a technical parole/probation violation-and not for a new criminal offense-is on its face, so disproportionate as to implicate the fundamental norms which underlie the sentencing process.") (quotations omitted). However, after review of the record, we are confident that the trial court did not abuse its discretion.

Upon revocation of probation, the trial court shall not impose a sentence of total confinement unless it finds that:

> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c). Accordingly, technical violations are sufficient to trigger the revocation of probation. *Sierra*, 752 A.2d at 912.

During the course of Aunkst's probation, he used heroin despite punitive sanctions and treatment, failed to comply with the requirements of Vivitrol Court,[5] and recently, absconded from supervision following an overdose. The

---

[5] Lycoming County Vivitrol Court provides the drug Vivitrol with structured counseling and supervision to heroin addicts that would normally spend their sentence in state prison. Vivitrol blocks opioid receptors so that a person cannot get high while also reducing their cravings to use. *Another chance: County court drug program shows promise against opioids*, Williamsport Sun-Gazette, Mar. 29, 2017, http://www.sungazette.com/news/top-

Honorable Marc F. Lovecchio considered the relevant factors in sentencing Aunkst, including his substance abuse issues and depression, and orally recited his reasons for revocation of probation on the record. *See* N.T. Revocation Hearing, 12/28/16, at 14-16. *See Commonwealth v. Pasture*, 107 A.3d 21, 28-29 (Pa. 2014) (where revocation of probation sentence was adequately considered and sufficiently explained on record by revocation judge, in light of judge's experience with defendant and awareness of circumstances of probation violation, under appropriate deferential standard of review, sentence, if within statutory bounds, is peculiarly within judge's discretion). Ultimately, Judge Levecchio "maxed out" Aunkst's sentence. *See Pasture*, 107 A.3d at 27-28 ("Upon revoking probation, . . . the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence."). However, even in light of the sentencing court's significant departure from the probation sentence, we do not find Judge Lovecchio abused his discretion in sentencing Aunkst to 2½ to 5 years' incarceration.[6]

_____

news/2017/03/another-chance-county-court-drug-program-shows-promise-against-opioids/ (last visited May 1, 2017).

[6] In determining that Aunkst' behavior merited the sentence imposed, the trial court focused almost exclusively on Aunkst's heroin addiction, rather than the nexus between his technical violations and the underlying offense. *See generally* Trial Court Opinion, 2/5/18, at 3-7, 9. Additionally, Judge Levecchio dismissed the candor of Aunkst's claim, stating that "[f]rom where this court sits, . . . it appears that virtually every sentence it imposes is being challenged as manifestly excessive[.]" *Id.* at 2. However, to his credit, Judge

Judgment of sentence affirmed. Counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/21/2018

_____

Lovecchio acknowledges that his judiciousness may not be without fault. *Id.* at 2 ("Perhaps, however, this court is wrong[.]").

In light of the foregoing, we simply reemphasize that the consequences of Aunkst's drug addiction and misdemeanor may ultimately amount to 60 months' confinement. Aunkst's sentence is lawful; however, it is a remarkable departure from his original sentence.