J-S71012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CARLOS I. GONZALEZ-OQUENDO :
:
Appellant : No. 1297 EDA 2019

Appeal from the Order Entered April 29, 2019
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0000063-2018

BEFORE: BOWES, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.: **FILED JANUARY 14, 2020**

Carlos I. Gonzalez-Oquendo appeals from the judgment of sentence of twenty-four to forty-eight months of incarceration imposed following the revocation of his parole and probation. We affirm.

The instant appeal stems from Appellant's guilty plea entered on March 15, 2018, to strangulation, a second-degree felony. Appellant was originally sentenced to serve six to twelve months of incarceration, followed by twelve months of county probation. He was also ordered to undergo anger management, complete a batterers' intervention assessment and comply with any suggested treatment, undergo a mental health evaluation, have no contact with his victim, and pay court costs and fines. Appellant was paroled from prison on June 5, 2018. His maximum parole sentence was November 5, 2019.

On August 28, 2018, Appellant was in an automobile accident. His strangulation victim was a passenger in Appellant's vehicle during the accident. When police went to arrest Appellant for his involvement in the accident, he was found inside of the victim's residence. On January 24, 2019, Appellant pled guilty to accident involving death or injury, a second-degree misdemeanor and was sentenced to nine months of probation. As a result of this new conviction, Northampton County Probation Department filed a petition for review of Appellant's parole in this case.

On February 1, 2019, the trial court held a probation revocation hearing.[1] In addition to the conviction and multiple failures to abide by the no-contact order, the probation office made the court aware that Appellant had not yet undergone a batterers' intervention or anger management counseling. Additionally, he had not made any payments towards his court

---

[1] In **Gagnon v. Scarpelli**, 411 U.S. 778 (1973), the Supreme Court determined a two-step procedure was required before a parole or probation may be revoked:

> [A] parolee [or probationer] is entitled to two hearings, one a preliminary hearing [**Gagnon I**] at the time of his arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his parole [or probation], and the other a somewhat more comprehensive hearing [**Gagnon II**] prior to the making of a final revocation decision.

**Id**. at 781-82. Here, the trial court combined the two hearings into one **Gagnon II** proceeding. However, since Appellant has only preserved and challenged the resulting sentence, we do not consider whether this procedure was proper.

costs or fines.  Appellant admitted that he had repeatedly violated the no-contact order, but explained that he did so in order to assist with the care of a child he shares with the victim.  The trial court revoked Appellant's parole and probation and imposed a new sentence, wherein it closed out his parole, revoked his probation, and ordered him to serve twenty-four to forty-eight months of incarceration at a state facility.

Appellant filed a post-sentence motion for reconsideration.  After some procedural irregularities, the court denied Appellant's post-sentence motion and he filed a timely appeal.  Appellant complied with the court's order to file a Pa.R.A.P. 1925(b) statement, and raises the following issue for our review: "[d]id the [t]rial [c]ourt err when it imposed a sentence that was manifestly excessive or inconsistent with the Pennsylvania Sentence Code?"  Appellant's brief at 6.

Our scope of review permits consideration of a challenge to the discretionary aspects of a sentence imposed following a revocation of probation.  ***Commonwealth v. Williams***, 69 A.3d 735, 740 n.5 (Pa.Super. 2013).  The law is well-settled, however, that sentencing is within the discretion of the trial court and should not be disturbed absent a clear abuse of discretion.  ***Commonwealth v. Antidormi***, 84 A.3d 736, 760 (Pa.Super. 2014).  Furthermore, challenges to discretionary aspects of a sentence do not automatically entitle an appellant to a right of review.  ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa.Super. 2018).  An appellant must meet

- 3 -

certain procedural prerequisites before an appellate court can hear such a challenge. Specifically, we engage in a four-part analysis to determine whether (1) the appeal is timely; (2) the issue has been preserved; (3) Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to discretionary aspects of sentence pursuant to Pa.R.A.P. 2119(f); and (4) the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code. ***Commonwealth v. Austin***, 66 A.3d 798, 807-08 (Pa.Super. 2013). If each of these requirements is met, we will proceed to a determination on the merits of the claim. ***Id***.

Appellant filed a timely post-sentence motion and concise statement challenging the excessiveness of his sentence. Also, his brief contains a statement of reasons relied upon for his challenge to the discretionary aspects of his sentence as required by Pa.R.A.P. 2119(f). Appellant's brief at 11-12. In his statement, Appellant claims that a substantial question is presented "because the sentence imposed on Appellant was inconsistent with the Pennsylvania Sentencing Code and was contrary to the fundamental norms which underlie sentencing." ***Id***. at 12. The Commonwealth counters that Appellant's claim amounts to a boilerplate assertion of excessiveness that does not raise a substantial question. Commonwealth's brief at 10. We are constrained to agree.

While an allegation of excessiveness within the statutory limits can raise a substantial question, "[b]ald allegations of excessiveness are insufficient. *Commonwealth v. Reynolds*, 835 A.2d 720, 733 (Pa.Super. 2003). An Appellant "must provide a separate statement specifying where the sentence falls in the sentencing guidelines, what provision of the sentencing code has been violated, what fundamental norm the sentence violates, and the manner in which it violates the norm." *Commonwealth v. Naranjo*, 53 A.3d 66, 72 (Pa.Super.2012), *see also Commonwealth v. McNabb*, 819 A.2d 54, 55-56 (Pa.Super. 2003) ("The Rule 2119(f) statement must specify . . . . what particular provision of the Code is violated"). As such, "our inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits." *Commonwealth v. Goggins*, 748 A.2d 721, 727 (Pa.Super. 2000) (emphasis in original).

In his statement, Appellant does not offer any specifics about what provision of the sentencing code or fundamental norm has been violated or the reasons for those violations.[2] Appellant cites *Commonwealth v. Griffin*, 65 A.3d 932, 936 (Pa.Super. 2013). However, *Griffin* does not support Appellant's position, since we found that the defendant in *Griffin* failed to

---

[2] We note that "the sentencing guidelines do not apply to sentences imposed as a result of probation or parole revocations" and Appellant received a sentence within the statutory maximum allowed by law. *Commonwealth v. Ware*, 737 A.2d 251, 254 (Pa.Super. 1999).

raise a substantial question. Accordingly, we find that Appellant has failed to raise a substantial question.

Even if we were to determine that Appellant's claim did raise a substantial question, we would find no merit to the underlying allegation. The imposition of sentence following the revocation of parole or probation "is vested within the discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." *Commonwealth v. Smith*, 669 A.2d 1008, 1011 (Pa.Super. 1996). A trial court has not abused its discretion "unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa.Super. 2000) (citing to *Commonwealth v. Smith*, 673 A.2d 893, 895 (Pa. 1996)).

Our review of the sentencing transcript and Rule 1925(a) opinion reveals that the trial court considered all of the appropriate factors. As the trial court explained in its Rule 1925(a) opinion:

> . . . . Appellant not only obtained a new charge, but he also committed technical violations, which, as stated by Appellant's probation officer, were worse than the new charge itself. The probation officer informed this [c]ourt that Appellant was having contact with the mother of his child, who was the victim of the strangulation. Specifically, when Appellant obtained his new charge, only two months after his release on parole, the victim was with Appellant in the vehicle. When officers attempted to detain Appellant upon arrest, Appellant was not at his address of record; instead he was located at the victim's residence. Additionally, the probation officer testified that on one of his scheduled appointments with Appellant, Appellant came to the office of probation with the victim in his car.

From the testimony at the ***Gagnon II*** hearing, it was apparent that the probation officer attempted to work with Appellant in the community and attempted to remind him of steps he needed to take in order to be compliant with the terms of his supervision. However, Appellant failed to heed his probation officer's advice and instructions. Specifically, although Appellant underwent his batterer's assessment while he was incarcerated, he failed to enroll in the batterers' classes despite testimony from the probation officer that he gave Appellant information for the classes on three separate dates. When this [c]ourt asked Appellant why he failed to enroll into classes after his batterers' assessment, Appellant simply stated that on the day of the evaluation, he was on his way home when he had an accident.

. . . . Appellant not only continued to put the victim at risk, but he also put the community at risk by committing this crime approximately two months after being paroled. Also, as explained *supra*, the probation officer informed the [c]ourt that at his original intake with him, Appellant expressed that he lacked any remorse with respect to the strangulation offense and that Appellant "pled guilty solely because he was offered a deal of six months." In Appellant's [batterer's] assessment, the assessor also indicated that Appellant failed to take any responsibility for his offense.

Though Appellant asked this [c]ourt for leniency on the basis that his child needs him and he must work to support his child, Appellant, on multiple occasions, made the audacious choice to completely disregard the authority of this [c]ourt after receiving a relatively light sentence for [the] strangulation of the mother of his child. . . .

Therefore, by failing to comply with the terms of his supervision in that he has had multiple contacts with his victim, Appellant has made his own choice to absent himself from his child's life.

Trial Court Opinion, 6/17/19, a 4-8.

The record establishes that the trial court took into account all of the testimony and arguments put before it at the ***Gagnon II*** hearing, in addition to the history of this case. The trial court explained the reasons for imposing

a sentence within the statutory maximum allowed by law. Specifically, the court found that in addition to committing a new crime, Appellant had repeatedly committed technical violations of his parole and probation and that the court was worried for the victim's safety. Notably, the court reached these conclusions, in part, based on Appellant's own concessions at the *Gagnon II* hearing. Accordingly, Appellant has failed to establish that the trial court ignored or misapplied the law. Instead, we find that the trial court acted well within its discretion when it resentenced Appellant. Thus, we decline to disturb Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/14/20