J-S05029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DOMINIC RAYMOND ZIZZO, III :
:
Appellant : No. 1062 MDA 2021

Appeal from the Judgment of Sentence Entered July 30, 2019
In the Court of Common Pleas of Luzerne County
Criminal Division at No: CP-40-CR-0001792-2017

BEFORE: PANELLA, P.J., STABILE, J., and DUBOW, J.

MEMORANDUM BY STABILE, J.: **FILED OCTOBER 19, 2022**

Appellant, Dominic Raymond Zizzo, III, appeals from the judgment of

sentence imposed in the Court of Common Pleas of Luzerne County on July

30, 2019, following the revocation of Appellant's probation. Upon review, we

affirm.[1]

The factual and procedural background of the instant appeal is not at

issue. The trial court summarized the relevant background as follows:

> On November 21, 2017, [Appellant] pled guilty to one count of
> statutory sexual and indecent assault. Sentencing occurred on
> April 13, 2018. [Appellant] received 11 to 23 months on the
> statutory sexual assault charge and 36 months of consecutive

---

[1] We note that counsel for Appellant previously filed a petition to withdraw
under ***Anders v. California***, 386 U.S. 738, 744 (1967) and ***Commonwealth
v. Santiago***, 978 A.2d 349, 361 (Pa. 2009). Upon review, we denied
counsel's petition and remanded to allow counsel to file either a proper
***Anders*** brief or an advocate brief. Counsel complied, filing an advocate brief.
The matter is now ripe for our decision.

probation on the indecent assault charge.  He was given credit for 359 days of incarceration served prior to sentencing.

On July 29, 2019, a probation revocation hearing was held as a result of a violation report which was dated March 26, 2019.  The report alleged that [Appellant] violated the terms of his probation by engaging in unsupervised contact with minors, consuming alcohol and failing to complete sex offender treatment.  At the conclusion of the hearing[,] [Appellant]'s probation was revoked.  He was then resentenced to 24 to 84 months on the indecent assault charge[,] which was graded as a felony of the third degree.

No direct appeal was filed following the revocation hearing.  On December 11, 2019, [Appellant] filed a motion  for post conviction collateral relief.  As a result of the PCRA motion, [Appellant]'s appellate rights were reinstated regarding the revocation of his probation.  A notice of appeal was filed on his behalf on August 4, 2021.

An order was then issued by [the trial court] which required a concise statement of errors complained of on appeal pursuant to [Pa.R.A.P.] 1925(b) be filed by [Appellant] within twenty-one days.  Counsel filed a concise statement on August 31, 2021.  The statement alleges error in connection with the finding that [Appellant] violated his probation by having inappropriate contact with minors and being discharged from the sexual offender program.  Error is also alleged in permitting testimony by the Commonwealth's witness in violation of [Appellant]'s Fifth Amendment Rights.

Trial Court Opinion, 9/22/21, at 1-2 (unnumbered).

Appellant raises the following issues for our review:

> I.    Whether the [trial] court erred or abused its discretion in finding that [Appellant] violated his probation by:
>
> a. having inappropriate contact with minors;

b. being discharged from the sexual offender program.[2]

II. Whether the [trial] court erred in permitting testimony by the Commonwealth's witness in violation of [Appellant]'s Fifth Amendments rights.

Appellant's Brief at 1.

As noted above, on April 13, 2018, Appellant was sentenced to 11 to 23 months on the statutory sexual assault charge and 36 months of consecutive probation on the indecent assault charge. In connection with the probation term, the trial court imposed, among others, the following conditions:

- Must attend and complete sexual offender treatment.

- No contact with victim.

- No contact with minors/or places where minors frequent/schools, school zones, school activities, public pools, parks, or playgrounds.

Sentencing Order, 4/13/18.

On March 26, 2019, the Luzerne County Probation Department issued a Parole Violation Report, which was filed on April 24, 2019, after Appellant waived his right to a *Gagnon I* hearing.[3] In the report, the Probation

_____

[2] Sub-issue I(b), while listed as a claim, was not addressed in the argument section of the brief. Similarly, while the issue was raised in Appellant's Rule 1925(b) statement, it was not addressed by the trial court in its Rule 1925(a) opinion.

[3] *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973). When a probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, a *Gagnon I* hearing, that probable cause exists
*(Footnote Continued Next Page)*

Department alleged that Appellant committed, *inter alia*, a technical violation of the rules of probation and parole, as well as the trial court sentencing order. The Probation Department identified the violated condition as a court ordered condition, specifically the "No Unsupervised Contact With Minors" condition. In the report, the Probation Department described the offending conduct as follows:

> Offender violated said rule, in that his alleged conduct constitutes a failure to comply with the rules of Probation and Parole, as well as the Court Order. [Appellant] admitted to having contact with a 17-year-old minor on occasion, and admitted to "making out, kissing, fondling, and grabbing" her as well. His justification being that "she was turning eighteen in a couple [of] weeks." Upon questioning in the probation office, [Appellant] admitted to the actions and said he "waited until her birthday" to have sexual contact with her. He also admitted to being alone with his friend's 5-year-old niece on multiple occasions. He admitted to being sexually aroused by the victim climbing on him, and said that the victim "grabbed his crotch area" and "sucked his fingers." He admitted the contact to the group on March 21, 2019, and also in the probation office on March 25, 2019. [Appellant] said he "should have lied."
>
> [Appellant] is a Tier II Sex Offender and cannot be at such an event according to the rules. [Appellant] disclosed this information to [p]olygraph examiner and his [Sexual Offender Assessment Board] Counselor, Thomas Dougherty. Mr. Dougherty reported the two incidents to Child Line.

Parole Violation Report, 3/26/19 at 1-2.

---

to believe that a violation has been committed. ***Commonwealth v. Sims***, 770 A.2d 346, 349 (Pa. Super. 2001). Where a finding of probable cause is made, a second, more comprehensive hearing, a ***Gagnon II*** hearing, is necessary before the court can make a final revocation decision. ***Id.***

At the revocation hearing, counsel for Appellant argued that the condition imposed by the trial court (*i.e.*, no contact with minors) was different from the condition being enforced by the Probation Department (*i.e.*, no unsupervised contact with minors), and that the Probation Department in essence modified the condition without the approval of the trial court. Furthermore, counsel argued that to the extent the Probation Department properly modified the condition initially imposed by the trial court, the Commonwealth failed to prove that the contact at issue here was unsupervised. N.T., Revocation, 7/29/19, at 22-23.

The Probation Department acknowledged that the condition, as formulated by the trial court, was impossible to enforce, given the nature of Appellant's employment (working at a pet store). N.T., Revocation, 7/29/19, at 5. Accordingly, the Probation Department authorized Appellant to work in an environment where children could be potentially present (pet store) and interpreted the condition imposed by the trial court to mean "no adverse contact with minors," *id.*, or "no unsupervised contact with minors," *id.* at 6-7; *see also* Parole Violation Report, *supra*. The Commonwealth argued that the initial condition (no contact with minors) was not changed by the Probation Department, and that, essentially, it meant no adverse contact with minors. *Id.* at 21-23.

The trial court agreed with the Commonwealth's position and revoked Appellant's probation. This appeal followed.

On appeal, Appellant argues that the trial court erred or abused its discretion in finding that Appellant had inappropriate contact with minors. To this end, Appellant notes that the condition of probation imposed by the trial court was different from the condition as interpreted and/or enforced by the Probation Department, and that, under the interpretation of the condition advanced by the Probation Department, the Commonwealth failed to prove that Appellant violated the condition of probation. We disagree.

The Commonwealth must prove the probation violation by a preponderance of the evidence and, once it does so, the decision to revoke probation is a matter for the court's discretion, and that decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion. *See Commonwealth v. Smith*, 669 A.2d 1008, 1011 (Pa. 1996); *Commonwealth v. Kalichak*, 943 A.2d 285, 290-91 (Pa. Super. 2008).

A challenge to the sufficiency of the evidence supporting the revocation of probation is a question of law subject to plenary review. *Commonwealth v. Perreault*, 930 A.2d 553, 558 (Pa. Super. 2007). We must determine whether the evidence admitted at the revocation hearing and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth, is sufficient to support the conclusion that the probationer violated the terms of probation. *Id.*

We do not need to address whether the Probation Department modified the condition of probation, or whether the condition, as interpreted and/or

enforced by the Probation Department, is inconsistent with the original condition imposed by the trial court because, under either version of the condition, Appellant could not make out, kiss, fondle, and grab a 17-year-old female or have contact, on multiple occasions, with a 5 year-old female. In other words, whether supervised or not, Appellant violated the terms of his probation because, under either version of the condition, Appellant could not engage in the conduct at issue here.

As Appellant admitted to the conduct described above and having found that the conduct was barred under the terms of Appellant's probation, we must conclude that Appellant's sufficiency of the evidence claim is without merit. Accordingly, the trial court did not err or abuse its discretion in rejecting Appellant's sufficiency claim.

Next, Appellant argues that the trial court erred in allowing the Commonwealth witness to testify as to Appellant's admissions to the incriminating conduct described above because those statements were obtained in violation of his right against self-incrimination under the Fifth Amendment to the Constitution. Specifically, Appellant argues that the

incriminating statements were the result of custodial interrogation without being provided **Miranda**[4] warnings.[5]  We disagree.

> The Fifth Amendment privilege against self-incrimination is generally not self-executing, and ordinarily an individual must assert the privilege for subsequent statements to be considered "compelled" within the meaning of the Fifth Amendment. However, the Fifth Amendment is self-executing where an individual is subject to custodial interrogation without being given **Miranda** warnings.

**Commonwealth v. Cooley**, 118 A.3d 370, 375 (Pa. 2015) (internal citations omitted).

> In **Cooley**, our Supreme Court noted:
>
> Custodial interrogation is defined as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way[,]" **Miranda**, at 444[.]
>
> An individual is in custody if he is "physically denied his freedom of action in any significant way or is placed in a situation in which he reasonably believes that his freedom of action or movement is restricted by the interrogation." **Commonwealth v. Johnson**, [727 A.2d 1089, 1100 (Pa. 1999)] (citations omitted).  Regarding custody, the United States Supreme Court has further held the "ultimate inquiry is ... whether there [was] a 'formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest." **Stansbury v. California**, 511 U.S. 318, 322,

---

[4] **Miranda v. Arizona**, 384 U.S. 436 (1966).

[5] Our standard of review regarding evidentiary issues is well settled. "The admissibility of evidence is at the discretion of the trial court and only a showing of an abuse of that discretion, and resulting prejudice, constitutes reversible error." **Commonwealth v. Sanchez**, 36 A.3d 24, 48 (Pa. 2011) (citations omitted).  "To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party." **Commonwealth v. Lopez**, 57 A.3d 74, 81 (Pa. Super. 2012) (citation omitted).

114 S.Ct. 1526, 128 L.Ed.2d 293 (1994) (citation omitted). The standard for determining whether an encounter is custodial is an objective one, focusing on the totality of the circumstances with due consideration given to the reasonable impression conveyed to the individual being questioned. ***Commonwealth v. Gwynn***, [723 A.2d 143, 148 (Pa. 1998)] (Opinion Announcing Judgment of the Court) (citation omitted).

***Id.*** at 376.

Here, the record shows that Appellant attended a routine probation interview during which he made incriminatory statements. There is no indication that police officers were present, he was under arrest or its functional equivalent, or he somehow was compelled to make those statements during the interview. As Appellant was not in custody and did not assert the privilege against self-incrimination, his incriminating statements were admissible. ***See Minnesota v. Murphy***, 465 U.S. 420, 440 (1984).[6,7] Appellant's second and final claim is, therefore, without merit.

_____

[6] In ***Murphy***, probationer was obligated as part of his probation to report to his probation officer; during a mandatory probation meeting, the officer questioned the probationer about new crimes, to which he confessed. ***Murphy***, 465 U.S. at 422–25. The Supreme Court found that the interaction between the officer and probationer during a mandatory probation meeting did not rise to the level of custodial interrogation, as there was no formal arrest or its functional equivalent. ***Id***. at 429–30.

[7] Even less compelling is the evidence supporting a "custodial interrogation" by the counselor. There is no indication policer officers attended the counseling session; counseling was out-patient in nature, and Appellant arrived and attended the session independently. Finally, there is no suggestion Appellant was in some way misled by any expectation of confidentiality at any point, as he knew his probation officer would be privy to the information disclosed. Accordingly, we must conclude that the protections
*(Footnote Continued Next Page)*

In light of the foregoing, we conclude that Appellant is entitled to no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/2022

_____

of the Fifth Amendment against self-incrimination were not applicable as well in connection with the incriminating statements made by Appellant to the counselor. *See Commonwealth v. Knoble*, 42 A.3d 976, 981-82 (Pa. 2012).